WARREN WALTERS, Respondent, *v.* RAO ELECTRICAL EQUIPMENT Co., INC., Appellant, and PSATY & FUHRMAN, INC., Respondent.

Argued January 13, 1942; decided July 29, 1942.

*Olin S. Nye, Brendan C. Kelly, Malcolm G. Bibby* and *Reginald V. Spell* for appellant. Defendant-respondent was actively and concurrently negligent and, therefore, not entitled to indemnity at common law. (*Sweet v. Perkins*, 196 N. Y. 482; *Employers' Liability Assurance Corp.* v. *Post & McCord, Inc.*, 286 N. Y. 254; Bohlen on The Law of Torts, pp. 293–294; *Petkinic* v. *Eidlitz & Son*, 241 App. Div. 720; 266 N. Y. 437.) The indemnity clause does not clearly and unequivocally agree to indemnify defendant-respondent for its own active and concurrent negligence. (*Dudar* v. *Milef Realty Corp.*, 258 N. Y. 415; *Petkinic* v. *Eidlitz & Son*, 241 App. Div. 720; 266 N. Y. 437; *Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 34; *Employers' Liability Assur. Corp.* v. *Post & McCord, Inc.*, 261 App. Div. 242; 286 N. Y. 254.)

*Samuel Saline* for Rao Electrical Equipment Co., Inc., *amicus curiæ.* The active negligence of respondent combined with the negligence of appellant to cause the accident. (*McNamara* v. *Eastman Kodak Co.*, 220 N. Y. 180; *Drummond* v. *Norton Co.*, 156 App. Div. 126; 213 N. Y. 670; *Berla* v. *Zambetti*, 235 App. Div. 464; *Caminiti* v. *Mathews Constr. Co.*, 241 App. Div. 879; *Caspersen* v. *La Sala Bros.*, 253 N. Y. 491; *Employers' Liability Assur. Corp.* v. *Post & McCord*, 286 N. Y. 254; *Williams* v. *Board of Trustee*, 210 App. Div. 161; *Fulton County General Electric Co.* v. *Hudson River Tel. Co.*, 200 N. Y. 287; *Sweet* v. *Perkins*, 196 N. Y. 482; *Haverstick* v. *Hansen & Sons, Inc.*, 277 N. Y. 158.) As between parties concurrently and actively negligent, no right of indemnity exists. (*Ocean Steam Navigation Co.* v. *Compania Transatlantic Espanola*, 144 N. Y. 663; *City of White Plains* v. *Ellis*, 113 Misc. Rep. 5; *Booth* v. *Carleton Co.*, 236 App. Div. 296; *Rosenman* v. *Detz*, 259 App. Div. 911; *Eifert* v. *U. S. Fidelity & Guaranty Co.*, 261 App. Div. 1081.) Appellant agreed to indemnify respondent, the general contractor, only against appellant's own acts of negligence. (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36; *North American Ry. Constr. Co.* v. *Cincinnati Traction Co.*, 172 Fed. Rep. 214; *Petkinic* v. *Eidlitz & Son, Inc.*, 241 App. Div. 720;

266 N. Y. 437; *Swift & Co.* v. *Stewart & Co.*, 261 App. Div. 930; *Washington & Berkeley B. Co.* v. *Pennsylvania S. Co.*, 215 Fed. Rep. 32; *McGlove* v. *Augus, Inc.*, 248 N. Y. 197.)

*Desmond T. Barry, Edward A. Shandell* and *Clarence B. Tippett* for respondent. The defendant-respondent was entitled to have its cross-claim against the ·defendant-appellant sustained on the basis of the common law right of indemnification since appellant was the active and direct wrongdoer and respondent was the passive wrongdoer and on the basis of the indemnity agreement which imposed responsibility for the accident that occurred in the course of the work solely upon appellant. (*Callan* v. *Pugh*, 54 App. Div. 545; *Scott* v. *Curtis*, 195 N. Y. 424; *Dudar* v. *Milef Realty Corp.*, 258 N. Y. 415; *Phœnix Bridge Co.* v. *Creem*, 102 App. Div. 354; 185 N. Y. 580; *Oceanic Steam Navigation Co.* v. *Compania Transatlantic Espanola*, 134 N. Y. 461; *Interborough Rapid Transit Co.* v. *City of New York*, 237 App. Div. 612; 262 N. Y. 612; *American Employers' Ins. Co.* v. *Brandt Masonry Corp.*, 252 App. Div. 506; *Washington Gas Light Co.* v. *District of Columbia*, 161 U. S. 316; *Koch* v. *Fox*, 71 App. Div. 288; *Turner Constr. Co.* v. *Rockwood Sprinkler Co.*, 249 App. Div. 508; 275 N. Y. 635; *Long Island R. R. Co.* v. *American Bridge Co.*, 175 App. Div. 170; 225 N. Y. 692; *Westinghouse, Church, Kerr & Co.* v. *Long Island R. R. Co.*, 160 App. Div. 200; 216 N. Y. 697.)

CONWAY, J. Plaintiff sued Psaty & Fuhrman, Inc., hereinafter called general contractor and Rao Electrical Equipment Co., hereinafter called sub-contractor for personal injuries alleged to have been sustained through their negligence. The general contractor served a cross-complaint against the sub-contractor upon an indemnity agreement to which reference will be made hereafter. The jury rendered a verdict against both defendants and the trial court thereafter dismissed the cross-complaint. The Appellate Division affirmed the judgment for plaintiff against the two defendants but reversed the order of the trial court dismissing the cross-complaint.

Plaintiff was employed as a riveter by a third contractor and at the time he suffered his injuries was engaged in work at the base of a column on the ground floor of a building which was being erected at the World's Fair in Queens County. A piece of pipe used as a

conduit for electric wiring fell from the hand of an employee of the sub-contractor at work on the floor above. Harm would not have come to the plaintiff, however, had the general contractor thoroughly planked over the steel beams upon which the structural steel work was being erected.

The Labor Law (Cons. Laws, ch. 31), section 241, subdivision 4, provides: " All contractors * * * when constructing * * * buildings * * * shall comply with the following requirements:
\* \* \* \* \* \* \*

" 4. If the floor beams are of iron or steel, the entire tier of iron or steel beams on which the structural iron or steel work is being erected *shall be thoroughly planked over* to not less than six feet beyond such beams, *except spaces seasonably required for proper construction of the iron or steel work*, for raising or lowering of materials or for stairways and elevator shafts designated by the plans and specifications."

There had not been compliance with that subdivision by the general contractor. On the contrary, a four inch space adjacent to the column had been left unplanked. It was through that opening that the piece of pipe descended upon the plaintiff.

The contract of indemnity entered into between the general contractor and the sub-contractor contained the following clause: " 22. Should any person, or persons, or property be damaged or injured *by the Subcontractor*, or by any person, or persons, employed under *him*, in the course of the performance by *him* of this agreement or otherwise, whether by *negligence* or otherwise, said Sub-contractor shall *alone* be liable, responsible and answerable *therefor*, and does hereby agree, to and with the said Contractor, to hold harmless and indemnify the Contractor of and from all claims, suits, actions, costs, counsel fees, expenses, damages, judgments or decrees by reason thereof." (emphasis supplied.)

The underlined words clearly indicate that the clauses of which they are a part were modified by that portion of the paragraph in which the sub-contractor assumed liability for the acts of any person *employed by him* which should result in injury or damage to person or property. The underlined words would be meaningless unless the liability of the sub-contractor were subject to that qualification and construction. Any intention to extend the

liability of the sub-contractor beyond that limit, clearly defined in the quoted paragraph, would have had to be unequivocally expressed. No such intention is here revealed. The sub-contractor was not liable for the negligence of the general contractor even though concurrent. (*Thompson-Starrett Co. v. Otis Elevator Co.,* 271 N. Y. 36, 41.) There we pointed out, citing cases: " It is a general rule long established that contracts will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms."

The failure of the general contractor thoroughly to plank over the steel beams was a breach of a primary non-delegable duty. (*Employers' Liability Assur. Corp. v. Post & McCord, Inc.,* 286 N. Y. 254, 264.) In that case we said: " The court charged the Graziano jury as matter of law, upon the record there presented, that it was the *active duty* of the general contractor, if the space required covering, to cover over the floors. The charge was right (*Lyles v. Terry & Tench Co.,* 227 N. Y. 361; *De Haen v. Rockwood Sprinkler Co.,* 258 N. Y. 350; *Caspersen v. La Sala Bros., supra;* Labor Law, § 241); but right or wrong, that instruction is here beyond attack. If a proximate cause of the accident, violation of the statute, as the court correctly charged, was actionable negligence and violation of the ordinance evidence to be considered with other evidence on the question of negligence. (*Teller v. Prospect Heights Hospital,* 280 N. Y. 456, 460, 461. Cf. *Schmidt v. Merchants Despatch Transp. Co.,* 270 N. Y. 287, 306.) Whether the general contractor performed its *active primary duty* in that respect and whether the failure to do so, if there was such failure, was the sole proximate cause of the accident or a concurring cause without which the accident could not have happened were questions of fact for the jury (*Lyles v. Terry & Tench Co., supra; De Haen v. Rockwood Sprinkler Co., supra*)."

The general contractor and the sub-contractor were joint active tort feasors. (*Thompson-Starrett Co. v. Otis Elevator Co., supra;* pp. 40, 43, 44.) The case of *Dudar v. Milef Realty Corp.,* 258 N. Y. 415), is not in conflict. There there was no defect in the hod hoist and no violation of statutory obligation with reference to it. It was the negligent operation of the hoist which constituted the active negligence. In the case of *Turner Construction Co. v.*

*Rockwood Sprinkler Co.* (275 N. Y. 635), the sub-contractor defendant by its agreement (1) assumed *entire* responsibility and liability in and for any and *all* damages for injury of any kind or nature whatever to *all* persons, whether employees or otherwise, caused by or resulting from the *execution of the work* provided for in the agreement, or occurring in *connection therewith,* and (2) agreed to indemnify and save harmless the general contractor Turner from and against any and all loss, expense, damage or injury caused or occasioned *directly* or *indirectly* by the act or negligence of the sub-contractor or resulting from the use by the sub-contractor of any materials, tools, implements, appliances, scaffolding, ways, works or machinery or other property of Turner, whether the same arose under the common law or otherwise. Recovery was properly had by the general contractor under the terms of that agreement. In the case of *Petkinic* v. *Eidlitz & Son, Inc.* (266 N. Y. 437), there was, as here, affirmative active negligence of both the general contractor and the sub-contractor.

The judgment should be modified to the extent of dismissing the cross-complaint of the general contractor against the sub-contractor and, as so modified, affirmed, with costs to the appellant.

LOUGHRAN, J. (dissenting.) Active misconduct of the defendant sub-contractor was the affirmative cause of the plaintiff's injuries. Liability of the codefendant general contractor was the result of omission of its secondary duty to protect the plaintiff from such violence. (See *De Haen* v. *Rockwood Sprinkler Co.,* 258 N. Y. 350, 352.) " Indemnity is given to the person morally innocent but legally liable, as against the actual wrongdoer whose misconduct has brought the liability upon him." (Bohlen, Studies in the Law of Torts, p. 512.) From that point of view, the contract between the codefendants required the defendant sub-contractor to indemnify the defendant general contractor against the claim of the plaintiff, as the Appellate Division held.

RIPPEY, LEWIS and DESMOND, JJ., concur with CONWAY, J.; LOUGHRAN, J., dissents in opinion in which LEHMAN, Ch. J., and FINCH, J., concur.

Judgment accordingly.