## (October 30, 1944.)

VITO LOBELLO, Respondent, *v.* CITY OF NEW YORK, Appellant; MANUFACTURERS TRUST COMPANY, Defendant-Respondent-Appellant, and FRANK CEVA & SONS, INC., Impleaded Defendant-Appellant-Respondent.

Judgment in favor of plaintiff and against all three defendants, and in favor of defendant Manufacturers Trust Company and against defendant Frank Ceva & Sons, Inc., and dismissing the cross complaint of defendant the City of New York against the Manufacturers Trust Company and Frank Ceva & Sons, Inc., modified on the law and the facts by striking therefrom the dismissal of the City's cross complaint against Frank Ceva & Sons, Inc., and by inserting in place thereof a provision granting judgment in favor of the City of New York against defendant Frank Ceva & Sons, Inc., as prayed for in the City's cross complaint. As thus modified, the judgment, insofar as appealed from, is affirmed, with costs to plaintiff, payable by defendant Frank Ceva & Sons, Inc., and with costs in this court and in Trial Term to the City of New York, payable by defendant Frank Ceva & Sons, Inc. The proximate or immediate cause of the injury to the plaintiff was the negligent act of defendant Frank Ceva & Sons, Inc. It was the active wrongdoer, and the City of New York was guilty of passive negligence only. *Walters* v. *Rao Electrical Equipment Co.* (289 N. Y. 57) and *Semanchuck* v. *Fifth Ave. & 37th St. Corp.* (290 N. Y. 412) are inapplicable.

CARSWELL, J. (dissenting in part). The three defendants were joint tort-feasors. The City sought contribution or judgment over. The plaintiff suffered injuries because of breaches of a primary nondelegable duty owing to him by the City, and a separate similar primary nondelegable duty owing to him by defendant Ceva & Sons. Whether there should be indemnity or contribution here, in the absence of an unequivocal indemnity agreement, is to be determined by whether the duty which was breached by the City was enjoined upon it by a statute. Section 435 of the New York City Charter (1938) prescribes in reference to. the City and its police department " it shall be their *duty* to  *  *  * remove ·all nuisances in the public streets, parks and places  *  *  * "; and further provides that the Commissioner shall make regulations for the conduct of pedestrian traffic. (Italics supplied.) Under the undisputed facts the City, therefore, was under an " active duty " — a " positive duty " — after adequate actual notice to place a red lamp on the barrier on the sidewalk here involved for the protection of pedestrians and wayfarers and thus to eliminate the element of nuisance. As this duty rested upon imperative statutory command, inquiry in respect of active and passive negligence is not germane " within the field covered by the statute " in reference " to an omission to obey the statutory command " (*Semanchuck* v. *Fifth Ave. & 37th St. Corp.*, 290 N. Y. 412, 421). The rule was there stated in reference to a duty enjoined by statute, contained in the Labor Law (§ 241), which provided that contractors and owners were required to " comply " with the requirement that certain places be " planked over " in a specified manner. It was held that there could be no indemnity or contribution by one upon whom the duty was laid by the statute. The majority view herein is that that rule is limited to cases arising under the Labor Law. But in the *Semanchuck* case (*supra*) it is specifically stated, referring to *Walters* v. *Rao Electrical Equipment Co.* (289 N. Y. 57) that the " rules which form the basis for that decision " are accepted not merely in *identical* cases under the Labor Law but " as guides in analogous cases " (p. 420). The duty which was the subject of statutory command under section 241 of the Labor Law was no different from that imposed upon the parties at common law. (*Caspersen* v. *La Sala Bros.*, 253 N. Y. 491, 494.) The duty imposed here upon the City by a statutory command is likewise the same as obtained at common law. (7 McQuillin on Municipal Corporations, 2d ed., § 2900; *Lyman* v. *Village of Potsdam*, 173 App. Div. 390; *Missano* v. *The Mayor*, 160 N. Y. 123, 129.) Accordingly the analogy is complete.

In both instances the breach of duty related to precisely the same act of omission. In the Labor Law cases both tort-feasors failed to do that which the statute directed each should do. In the case at bar the City omitted to remove the nuisance or to make the condition safe by the use of appropriate lamps, which was the same breach of duty of which its joint tort-feasors were guilty, and because of the statutory basis for the duty, so far as the City is concerned, an inquiry into " affirmative cause " etc., is irrelevant. (*Semanchuck* case, *supra*.) In the *Walters* case (*supra*) the nature of the negligence ·of each of the joint tort-feasors was of the same character.

Moreover, in the case at bar the undisputed facts furnish a basis for a holding that the breach of duty by the City was not of a passive character. It had notice through a policeman of the existence during the entire night of this barrier without proper lights. The policeman was at the point several times during the night in connection with using a call box to the station house. The proof was that lights for just such use were available at the station house and that a radio car was likewise available to bring them on the call of the policeman. Despite

this undisputed actual notice, and adequate opportunity to correct the condition, nothing was done. But apart from this, the City's breach of a positive or active statutory duty, especially after ample actual notice, bars indemnity for the reasons indicated. (*Walters* v. *Rao Electrical Equipment Co., supra; Semanchuck* v. *Fifth Ave. & 37th St. Corp., supra.*)

Here the plaintiff suffered from two consecutive wrongs of two of the joint tort-feasors — the failure of the contractor to put lights on the barrier and the later similar failure of the City to put lights on the barrier despite notice and opportunity to do so on several occasions during the night. Each of these wrongs was a breach of coexisting primary nondelegable statutory duty and should bar contribution from one to the other, under the cases cited.

There is no basis in logic or reason for any distinction to be made between this case and those cited. If a new refinement by way of differentiation is to be introduced it can be done only by arbitrary fiat in evasion of the plain doctrine of these cases. That doctrine is that an omission to do an act commanded by statute is a breach of a " positive " duty — an " active " duty which bars contribution when the duty is nondelegable, though a similar breach involving a nondelegable duty does not bar contribution if it is not founded upon a statute. (*Semanchuck* case, *supra*, p. 422; *Schwartz* v. *Merola Bros. Construction Corp.*, 290 N. Y. 145.)

Adel, Lewis and Aldrich, JJ., concur in decision; Carswell, J., concurs except as to the modification granting judgment in favor of the City of New York on its cross complaint, and as to that he dissents and votes to affirm the judgment without modification, with opinion; Hagarty, J., concurs with Carswell, J.

Judgment modified, with costs. [See *post,* p. 999.]