ANNA K. DOWLING et al., Respondents, v. EDWARD J. CROMER et al., Appellants, and TRI-BORO REFRIGERATION SERVICE, INC., Respondent-Appellant.— The plaintiff wife was injured by falling over open sidewalk doors situated in front of premises owned by the defendant Edward J. Cromer. The first floor of the premises was occupied by the defendant Edward J. Cromer, Inc., under an oral month-to-month lease. The sidewalk doors lead to a basement where the tenant had certain refrigerating machinery and to which others had access. Edward J. Cromer, Inc., employed the Tri-Boro Refrigeration Service, Inc., to install certain refrigerating machinery. Tri-Boro opened the sidewalk doors so that it could carry its material into the cellar. After the material was carried in, it left the doors open for the purpose of ventilation. The accident happened about 9:30 P.M. on September 29, 1942, during the dimout. Action was brought against the owner, the tenant, and the independent contractor. Both the owner and tenant cross-claimed against the contractor. At the close of the case, the cross complaints were dismissed. Plaintiff wife recovered a verdict for her injuries, and her husband for expenses and loss of services. All three defendants appeal from the judgment herein as amended by order dated June 29, 1944, insofar as the plaintiffs are concerned; and the owner and tenant also appeal from said amended judgment insofar as it dismissed their cross complaints. Amended judgment in favor of plaintiffs, unanimously affirmed, with costs. Amended judgment, insofar as it dismissed the cross complaints of Edward J. Cromer and Edward J. Cromer, Inc., reversed on the law and the facts and a new trial granted as to such cross complaints, with one bill of costs jointly to appellants Edward J. Cromer and Edward J. Cromer, Inc., against Tri-Boro Refrigeration Service, Inc., to abide the event. The proof establishes liability on the part of all defendants insofar as plaintiffs are concerned. (*Kirby* v. *Newman*, 239 N. Y. 470; *Rohlfs* v. *Weil*, 271 N. Y. 444; *Schwartz* v. *Merola Bros. Construction Corp.*, 290 N. Y. 145; *Carambas* v. *Wenner*, 256 App. Div. 244; *Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354.) However, the jury might find from the evidence that while all the defendants were codelinquents in

relation to pedestrians on the sidewalk, they were not *in pari delicto* in relation to each other. (*Employers' Liability A. Corp.* v. *Post & McCord,* 286 N. Y. 254; *Scott* v. *Curtis,* 195 N. Y. 424.) The authorities relied on by defendant Tri-Boro Refrigeration Service, Inc. (*Walters* v. *Rao Electrical Equipment Co.* 289 N. Y. 57, and *Semanchuck* v. *Fifth Ave. & 37th St. Corp.,* 290 N. Y. 412) have no application to the situation here involved. (*Lobello* v. *City of New York,* 268 App. Div. 880.) Close, P. J., Adel and Aldrich, JJ., concur; Hagarty, J., concurs, adhering, however, to the view expressed in the dissenting opinion in *Lobello* v. *City of New York* (*supra,* p. 881). Carswell, J., concurs for affirmance of the amended judgment in favor of plaintiffs, but dissents as to reversal of the judgment insofar as it dismisses the cross complaints of Edward J. Cromer and Edward J. Cromer, Inc., and votes to affirm in all respects.