Arthur Wachtel, J.
Plaintiff sued the defendants, Senville 35th Street Realty Corp., hereinafter referred to as Senville, and Millard Shroder, Inc., for injuries sustained by him while he was employed as an electrician by Brown Electric Co. during the course of construction of premises 165 East 35th Street, Borough of Manhattan, City of New York, owned by defendant Senville. Senville is also the builder and general contractor. Millard Shroder, Inc., was sued on the basis of supervision of the construction work.
Plaintiff based his claim upon a defective condition existing by reason of a wood covering on a hole in an unfinished floor, constituting an unsafe condition in violation of section 200 of the Labor Law. Defendants brought a third-party action against the third-party defendant alleging a first cause of action based on common-law negligence and a second cause of action based on breach of an indemnity agreement.
The case between the plaintiff and the defendants was submitted to the jury. The court withheld consideration and determination of the third-party complaint, both on the law and on the facts, to itself, with the consent of both the third-party plaintiffs and the third-party defendant.
The jury returned a verdict in favor of the plaintiff as against both defendants in the sum of $1,200. The third-party defendant moved to dismiss the third-party complaint.
The third-party defendant entered into a contract dated February 1, 1955, with the third-party plaintiff, Senville, to furnish the carpentry work required in the construction of the building in question and in and by the contract agreed as follows: “ The carpentry contractor shall during the life of the job, protect all openings in floors and maintain such protection as required by the Department of Labor, State of New York
The cause of action on behalf of both third-party plaintiffs, based upon common-law negligence, is dismissed. Violation of *79 section 200 of the Labor Law is a violation of a nondelegable duty. Defendants-third-party plaintiffs are joint active tortfeasors. Accordingly, they are barred from recovery over against the third-party defendant (Rufo v. Orlando, 309 N. Y. 345; Balch v. Richby Realty Corp., 4 A D 2d 864).
The second cause of action is in favor of Senville alone and is based upon an express indemnity agreement. The third-party defendant seeks dismissal upon the authority of Thompson-Starrett Co. v. Otis Elevator Co. (271 N. Y. 36). The indemnity agreement in this case is as follows: £í VII. The Contractor agrees to perform such work in a safe and proper manner and so as to comply with all laws and ordinances referring to such work, and will indemnify and save the Builder harmless against all penalties for violations of same. The Contractor hereby assumes entire responsibility and liability for any and all damage or injury of any kind or nature to persons whether employees or otherwise, and to property, including adjoining property caused by or resulting from the execution of the work or occurring in connection therewith, and agrees to indemnify and save harmless the Owner and Builder, their agents, servants and employees from and against any and all loss, expense, damage or injury to persons or to property caused or occasioned directly or indirectly by the Contractor or its work, or resulting from the use by the Contractor, its agents or employees, of any materials, tools, implements, appliances, scaffolding ways, works or machinery or other property of the Builder. In the event of any such loss, expense, damage or injury, or if any claim or demand for damages is made against the Owner or Builder, the Builder may withhold from any payment due or thereafter to become due to the Contractor under the terms of this contract, an amount sufficient in its judgment to protect and indemnify it from any and all such claims, expense, loss, damage, or injury, or the Builder, in its discretion, may require the Contractor to furnish a surety bond satisfactory to the Builder, guaranteeing such protection, which bond shall be furnished by the Contractor within five days after written demand has been made therefor.”
The rule of Thompson-Starrett Co. v. Otis Elevator Co. (supra) is that a contract will not be construed to indemnify a party against his active negligence unless such intention is expressed in unequivocal terms. However, this does not mean that in order to warrant a construction that it was so intended, that the contract must contain express language specifically referring to the negligence of the indemnitee (Jordan v. City of New York, 3 AD 2d 507, 509, affd. 5 N Y 2d 723).
*80 The third-party defendant further relies upon the cases of Walters v. Rao Elec. Equip. Co. (289 N. Y. 57) and Semanchuck v. Fifth Ave. & 37th St. Corp. (290 N. Y. 412). However, the court in the Walters case {supra) specifically distinguished the facts of its case from those of Turner Constr. Co. v. Rockwood Sprinkler Co. (275 N. Y. 635) wherein the language of the indemnity agreement was similar to that of the indemnity agreement in the case at bar. The court pointed out at page 62 that in the Turner case (as in the case at bar) the indemnitor assumed entire responsibility for all damages for injury to all persons, resulting from the execution of the work of the indemnitor or occurring in connection therewith, and agreed to indemnify the general contractor against all loss caused directly or indirectly by the act or negligence of the indemnitor. This is not merely a case of a general indemnity limited solely to the indemnitor’s own acts, without any intention to cover also unsafe conditions for which the general contractor is primarily responsible, as in the Walters and Semanchuk cases. The intention to cover such unsafe condition in respect of floor openings is unequivocally expressed (Jordan v. City of New York, supra). The court in the Jordan case relied on the decision of the Turner case as controlling, and so it is in the case at bar.
The third-party defendant raises the point that in any event its liability on the indemnity agreement is limited to only the loss sustained by Senville, which was the party to the contract, and not Millard Shroder, Inc., and that accordingly its liability is limited to one half the judgment of the plaintiff, or $600.
The answer to this argument is that the indemnity agreement is as to “ any and all loss, expense, damage or injury ”. The third-party plaintiff, Senville, is entitled to judgment over in the full amount of the judgment against it and not half the judgment by reason of the indemnity agreement (cf. O’Dowd v. American Sur. Co. of N. Y., 3 N Y 2d 347, 352).
The third-party defendant’s claim would be proper if the judgment is paid one half each by the codefendants, or where Senville asserts its right of contribution and obtains such contribution (Civ. Prac. Act, § 211-a). But this is not the case. Defendant’s possible recourse to subrogation is not now before the court.
Accordingly, upon the second cause of action, judgment is directed in favor of the third-party plaintiff, Senville, against the third-party defendant in the amount of the judgment in favor of the plaintiff herein.