■ WILLIAM BERTRAM, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY et al., Appellants-Respondents. J. G. WHITE ENGINEERING CORP., Third-Party Plaintiff-Appellant, v. GENERAL ELECTRIC COMPANY et al., Third-Party Defendants-Respondents.

APPEALS from a judgment of the Supreme Court in favor of plaintiff, entered August 14, 1961 in New York County, upon a decision of the court at a Special and Trial Term without a jury. Defendants New York City Transit Authority and J. G. White Engineering Corp. also appeal from the dismissal of their cross complaints.

*Per Curiam.* This is an appeal by General Electric Company (herein GE) from a judgment entered August 14, 1961, in favor of plaintiff in the sum of $17,715.25 against GE, New York City Transit Authority (herein Authority) and J. G. White Engineering Corp. (herein White). Authority and White appeal from so much of said judgment as dismissed their cross claim over against GE.

Briefly, plaintiff, an electrician-employee of a subcontractor, Hatzel & Buehler, Inc., sustained personal injuries in an accident which occurred February 13, 1957, while plaintiff was cutting through a live cable. Authority had refused to de-energize or cut off current in the cable, though the reason therefor does not clearly appear in the record. GE was the general contractor and White the engineer on the job for which Authority had contracted.

While some of us feel that GE was properly held liable, the majority are of the opinion that plaintiff's complaint against GE must be dismissed because plaintiff failed to show that GE had improperly increased the risk in a concededly hazardous undertaking.

No serious question having been raised by White or Authority that the increasing of the risk by these defendants in their several roles was a fair issue of fact to be determined by the trier of the facts, the complaint as to them should be sustained. We do not find the award excessive so as to warrant reduction.

Authority and White, however, are entitled to judgment over against GE on their respective cross complaints by reason of GE's contract which provides an absolute liability for indemnity on this project (*Jordan* v. *City of New York*, 3 A D 2d 507, affd. 5 N Y 2d 723; *O'Brien* v. *City of New York*, 11 A D 2d 666).

Accordingly, the judgment appealed from should be modified on the law and the facts to reverse and dismiss plaintiff's complaint as to GE, and to reverse the dismissal of the cross complaints of Authority and White against GE, and by granting judgment to Authority and White on such cross complaints against GE, without costs.

Botein, P. J., Breitel, Valente, Stevens and Steuer, JJ., concur.

Judgment unanimously modified on the law and the facts to reverse and dismiss plaintiff's complaint as to General Electric, and to reverse the dismissal of the cross complaints of Authority and White against General Electric, and by granting judgment to Authority and White on such cross complaints against General Electric, without costs. Settle order on notice.