Walter B. Hart, J.
Plaintiff’s decedent, while working as a bricklayer’s helper in the employ of Cer-Ver, Inc., the fourth-party defendant, was electrocuted when he came into contact with an overhead uninsulated high tension line installed by the defendant, Long Island Lighting Company. At the time of the electrocution, plaintiff was on a scaffold erected by Cer-Ver, Inc., which was used by it in conjunction with bricklaying work, pursuant to a contract assigned to it by the third-party defendant, Cerussi & Verri, Inc.
The main action was brought against the Long Island Lighting Company for negligence in the installation of the line and its failure to warn of its presence, and against Dyker Building Co., Inc., and Sterling Estates, Inc., the general contractor and owner respectively, for the failure to furnish decedent with a safe place to work. Upon the trial and before the taking of testimony, the action was settled for $17,000, half of which sum was to be paid by the Long Island Lighting Company and the balance by the general contractor.
The third-party action herein was brought by Dyker Building Co., Inc., as plaintiff against Cerussi & Verri, Inc., and Cer-Ver, Inc., as defendants, for indemnification of the claim asserted against the former by the plaintiff in the main action. The third-party defendant, Cerussi & Verri, Inc., is the bricklaying subcontractor which had assigned the performance of its contract to its subsidiary, the co-third-party defendant, Cer-Ver, Inc., decedent’s employer.
Cerussi & Verri, Inc., instituted a fourth-party action against Cer-Ver, Inc., and the Long Island Lighting Company. This action was discontinued upon the trial in consideration of the waiver by the insurance carrier for the fourth-party defendant, Cer-Ver, Inc., of its workmen’s compensation lien and the discontinuance by the carrier of an action against the original defendants for the sum of $2,000 which it had been required to pay to the “ Rehabilitation ” and “ Re-opened Cases” funds and the acceptance of a nominal sum in settlement thereof.
*777 The third-party action by stipulation of the parties to that action is to be disposed of by the court solely on its determination of the right to indemnification by the third-party plaintiff pursuant to the provisions of the contract between them — the issue of the right of the third-party plaintiff to common-law indemnification being, by the stipulation, completely withdrawn from consideration by the court, since the parties stipulated that the third-party plaintiff was negligent and that the third-party defendant was free from negligence. The stipulation provides that if the third-party plaintiff is entitled to judgment its recovery was to be limited to the sum of $4,250.
The agreement between the parties provides: ‘ ‘ Each subcontractor agrees to accept exclusive liability * * * and carry * * * public liability insurance * * * and pay promptly the premiums on same (which) shall be in the limit of not less than $100,000.00/$200,000.00 * * *. Each sub-contractor agrees that he will indemnify the contractor against and save him harmless from any and all claims, demands and causes of action * * * irrespective of the outcome of such claim, demand or cause of action that may be made against the contractor by any person * * * for personal injuries and/or damages to property (including claims of representatives of deceased persons on account of death) on account of or by reason of the method or maimer of doing such worh by the sub-contractor * * * and its sub-contractors ”. (Emphasis supplied.)
It is the contention of the third-party plaintiff that regardless of negligence, it is entitled to indemnification perforce of the foregoing agreement since decedent’s death occurred “by reason of the method or manner of doing such work” by the subcontractor (assignee) of the third-party defendant. That the death occurred ‘ ‘ by reason of the method or manner of doing the work ” is evident from the conceded fact that the decedent was electrocuted while he was on a scaffold erected by Cer-Ver, Inc., so close to the high tension wire that it constituted an unsafe place to work.
In view of these facts the third-party plaintiff is entitled to indemnification from the third-party defendant pursuant to the agreement even though the latter was not negligent. This conclusion is sustained by the holding in Centino v. Isbrandtsen Co. (11 N Y 2d 690). In that case, the third-party defendant, a stevedoring company under contract with defendant to unload a ship, had left open a hatchway cover when its employees left the ship at 4:50 p.m., intending to resume work the next day. Testimony had been offered to establish that it was customary for longshore *778 men to leave the hatches uncovered when they intended to return to complete work on the following day. Plaintiff, an employee of a ship-scaling company fell into the hatchway and was awarded a verdict by the jury against the steamship company on the unseaworthiness doctrine. The trial court had submitted to the jury the issue of the third-party defendant’s negligence and the breach of its warranty to perform the work safely but reserved to itself the determination as to whether the third-party defendant was liable under an agreement of indemnity which provided (p. 691): “ The contractor [third-party defendant] will indemnify and hold harmless and defend Isbrandtsen Co., Inc., as owner * * * against any and all claims or demands arising out of bodily injury including death at any time resulting therefrom, occurring * * * on any vessel owned * * * by Isbrandtsen Co., Inc., * * * which claims are made by or on behalf of * * * (2) any other person, provided that such injury or death of such other person shall have been due to the contractor’s operation.” (Emphasis supplied.) The jury found in favor of the third-party defendant on the issues of negligence submitted to it. The trial court, however, found in favor of the third-party plaintiff on the basis of the indemnification agreement but was reversed by the Appellate Division (13 A D 2d 977). In reversing the Appellate Division, the Court of Appeals held (p. 692) that the injuries to the plaintiff “were 1 due to [respondent’s] operation ’, irrespective of fault ”.
The subject agreement considered by the court would appear to be as broad as the indemnification provided for in Stellato v. Flagler Park Estates (11 Misc 2d 413, affd. 6 A D 2d 843, motion for leave to appeal denied 5 N Y 2d 708). There the agreement provided for indemnification for liability imposed by law upon the contractor for bodily damages arising out of or in consequence of the performance of the contract, whether the injuries were due or claimed to be due to any negligence of the subcontractor, the contractor, the owner, his or their employees or agents, or any other person. Judgment over on the agreement was directed against the third-party defendant (see, also, Fuller Co. v. Fischbach & Moore, 7 A D 2d 33).
In Powell v. Senville 35th Realty Corp. (29 Misc 2d 77, 79) the agreement provided for indemnification for damages “caused by or resulting from the execution of the work or occurring in connection therewith”. The judgment in favor of an injured employee was directed over in favor of the general contractor on the basis of the indemnification agreement. The court there stated (p. 80): “ The third-party defendant further *779 relies upon the cases of Walters v. Rao Elec. Equip. Co. (289 N. Y. 57) and Semanchuck v. Fifth Ave. & 37th St. Corp. (290 N. Y. 412). However, the court in the Walters case {supra) specifically distinguished the facts of its ease from those of Turner Constr. Co. v. Rockwood Sprinkler Co. (275 N. Y. 635) wherein the language of the indemnity agreement was similar to that of the indemnity agreement in the case at bar. The court pointed out at page 62 that in the Turner case (as in the case at bar) the indemnitor assumed entire responsibility for all damages for injury to all persons, resulting from the execution of the work of the indemnitor or occurring in connection therewith, and agreed to indemnify the general contractor against all loss caused directly or indirectly by the act or negligence of the indemnitor. This is not merely a case of a general indemnity limited solely to the indemnitor’s own acts, without any intention to cover also unsafe conditions for which the general contractor is primarily responsible, as in the Walters and Semanchuck cases. The intention to cover such unsafe condition in respect of floor openings is unequivocally expressed (Jordan v. City of New York [3 A D 2d 507, affd. 5 N Y 2d 723]). The court in the Jordan ease relied on the decision of the Turner case as controlling, and so it is in the case at bar.”
The third-party defendant in resisting the claim of the third-party plaintiff relies on Thompson-Starrett Co. v. Otis Elevator Co. (271 N. Y. 36) and Walters v. Rao Elec. Equip. Co. (289 N. Y. 57) and the holdings therein that contracts are not to be considered to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms. This does not mean that to warrant a construction that it was so intended that the contract must contain express language specifically referring to the negligence of the indemnitor or the indemnitee. (Jordan v. City of New York, 3 A D 2d 507, 509, affd. 5 N Y 2d 723.)
Accordingly, judgment is directed in favor of the third-party plaintiff in the sum of $4,250.