■ MARCELLO P. ZULLO, as Administrator of the Estate of VINCENT R. ZULLO, Deceased, Plaintiff, v. LONG ISLAND LIGHTING COMPANY, Defendant, and DYKER BUILDING CO., INC., et al., Defendants and Third-Party Plaintiffs-Respondents. CERUSSI & VERRI, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And Two Other Actions.) — In a wrongful death action against the Long Island Lighting Company, the Dyker Building Co., Inc., and Sterling Estates, Inc., the latter two corporations being, respectively, the general contractor and the owner, in which such general contractor and owner, as third-party plaintiffs, served an amended third-party complaint upon a subcontractor, Cerussi & Verri, Inc., as third-party defendant, the said subcontractor Cerussi appeals from a judgment of the Supreme Court, Kings County, entered June 28, 1963, upon the court's opinion after a non-jury trial, in favor of the owner. At the trial the parties stipulated upon the record as to the pertinent facts and as to the amount, if any, to be awarded to the general contractor (Dyker) pursuant to an indemnity provision in the contract between it and the subcontractor, the third-party defendant Cerussi. The judgment as entered, however, is in favor of the

owner (Sterling) instead of in favor of the general contractor. No issue has been raised as to this discrepancy. Judgment reversed on the law and the facts, with costs to the third-party defendant Cerussi against the third-party plaintiffs, and said amended third-party complaint dismissed, with costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The death action was settled at the trial; and the issue as to the indemnity provision in the contract between the general contractor and the subcontractor (Cerussi & Verri, Inc.) was submitted to the Trial Judge for determination. For the purpose of such determination the parties stipulated and conceded that the decedent's death was caused solely by the general contractor's negligence and not by the negligence of the said subcontractor or any of its agents or employees. Said contract provided in part that each subcontractor agreed to furnish workmen's compensation and public liability insurance. Public liability insurance was to be in the limits of not less than $100,000/$200,000. The contract also provided that "Each subcontractor hereby agrees that he will indemnify the Contractor against and save him harmless from any and all claims ⁜ ⁜ ⁜ which may be incurred by the Contractor or to which the Contractor may be subject to in connection therewith ⁜ ⁜ ⁜ irrespective of the outcome of such claim ⁜ ⁜ ⁜ for personal injuries and/or damages to property (including claims of representatives of deceased persons on account of death) *on account of or by reason of the method or manner of doing such work by the Subcontractor,* its agents, servants, employees and/or agents, servants, employees of any of its vendors and its Subcontractors." (Emphasis added.) There was no language in the indemnity provision expressly purporting to impose liability on the subcontractor for the negligence of the general contractor or of other subcontractors. In our opinion, the action here against the general contractor did not arise "on account of or by reason of the method or manner of doing such work by the Subcontractor, its agents, servants, employees and/or agents, servants, employees of any of its vendors and its subcontractors" within the meaning of the indemnity provision. The cause of action arose as the result of the general contractor's negligence. The language of the indemnity provision, viewed in the light of the pertinent circumstances, was far too general in its nature to impose liability upon the subcontractor (*Thompson-Starrett Co.* v. *Otis Elevator Co.,* 271 N. Y. 36; cf. *Fuller Co.* v. *Fischbach & Moore,* 7 A D 2d 33; *Jordan* v. *City of New York,* 3 A D 2d 507, affd. 5 N Y 2d 723). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur. [38 Misc 2d 775.]