■ NORTH RIVER INSURANCE COMPANY, as Assignee of KRISJANIS KANE-PAJS, Plaintiff, v. ALPINE DEVELOPMENT CORP., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. JULIS ZAKIS et al., Doing Business as Z.L.S. BUILDING CONTRACTORS, Third-Party Defendants-Appellants.— Appeal by third-party defendants from an order of Supreme Court, Dutchess County, dated September 11, 1968, which denied their motion to dismiss the third-party complaint. Order reversed, on the law, with $10 costs and disbursements, and third-party complaint dismissed. The third-party defendants (doing business as Z.L.S.) were in the process of constructing a two-story building for Alpine Development Corporation, which is one of the defendants and the third-party plaintiff. One of Z.L.S.'s employees was working on the second floor ceiling and roof when he fell through an open stairwell, into the basement, and suffered personal injuries. The employee received workmen's compensation payments

and assigned his cause of action to plaintiff, the insurance company which made the payments; and the latter brought this action against Alpine and the second defendant. Alpine, seeking indemnity, impleaded Z.L.S. pursuant to CPLR 1007. The primary complaint alleged that the injuries suffered, as a result of the fall, were caused solely by Alpine's negligence in failing to provide a safe place to work and specifically in failing to provide any covering across the stairwell opening, all in violation of sections 241 and 241-a of the Labor Law. If, after a trial, Alpine is found not negligent, and free of liability, it will have no claim over. If Alpine is found negligent under either of the aforementioned sections of the Labor Law it will have no right to indemnity. Its failure to comply with the statutes would be a breach of a nondelegable duty, rendering it (Alpine) an active wrongdoer (*Walters* v. *Rao Elec. Equip. Co.*, 289 N. Y. 57; *Semanchuck* v. *Fifth Ave. & 37th St. Corp.*, 290 N. Y. 412; *Rufo* v. *Orlando*, 309 N. Y. 345; *Conte* v. *Large Scale Development Corp.*, 10 N Y 2d 20. One sued has an indemnity action over against one not sued and may implead the third party if the latter has contracted to indemnify the one sued, or if liability of the one sued is predicated on passive negligence, imposed by law, and if the liability of the third party is based on active negligence. The claim over will be allowed if the original complaint can reasonably be interpreted as including an allegation of passive negligence (*McFall* v. *Compagnie Maritime Belge* [*Lloyd Royal*] *S.A.*, 304 N. Y. 314; *Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447; *Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.*, 9 N Y 2d 426). Since the complaint alleged that the injury was caused solely by Alpine's violation of sections 241 and 241-a, since no other allegation of negligence was made, and since no mention was made of any contractual right to indemnification, Alpine is held as having been sued as an active tort-feasor and, therefore, is precluded from impleading Z.L.S. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.