■     RUSSGOOD CONSTRUCTION Co., INC., et al., Respondents, v CITY OF NEW YORK, Appellant.—In an action on a contract, defendant appeals from a judgment of the Supreme Court, Kings County, entered February 21, 1975, after a nonjury trial, in favor of plaintiffs, and which dismissed defendant's counterclaim. Judgment reversed, on the law, and case remanded to Trial Term for further proceedings in accordance herewith. No questions of fact were considered. The sole issue on this appeal concerns the interpretation to be given an indemnification provision of a written construction contract. Plaintiffs contracted to perform certain construction work on the IRT subway for the City of New York. The contract, *inter alia,* contained an indemnification agreement whereby plaintiffs agreed to hold the city harmless. During the course of the work, defendant sent its engineer, Sixto Sanchez, to inspect the construction. He arrived at the scene, inspected some of the work and walked throughout the area. At one point during the course of the work he climbed a ladder and then suffered a heart attack. There was testimony at the trial that the engineer had a preexisting heart condition. Sanchez filed a claim with the Workmen's Compensation Board in which he was successful and was eventually awarded the sum of $50 per week for life. At the completion of plaintiffs' work, the city withheld the final payment, amounting to $64,455.20, claiming that plaintiffs were responsible for the Workmen's Compensation claim under the indemnity agreement—an amount it computed actuarially to be approximately $75,-000. There is no dispute that the contractor performed the work and is entitled to payment but for the city's counterclaim with respect to the Workmen's Compensation award. The trial court, after reviewing the indemnity provision, granted judgment to plaintiffs, noting: "It is the court's opinion that what the parties intended hereunder was to provide indemnity for accidents arising out of the work being done and conditions created, but

not one resulting solely from the physical condition of the worker. To hold otherwise would create a policy under the law which under existing contracts would encourage contractors to stay away from such contracts. There is nothing in the wording of the indemnity agreement which provides for indemnity for a heart condition occurring in a worker by reason of his own physical deformities or conditions. In the court's opinion there never would be a recovery by any contractor in cases of this kind if the arguments of the defendants are sustained." We disagree with the trial court and find that the contract is clear and unambiguous; by its terms it mandates indemnification to the city for any and all claims, regardless of negligence, for injuries sustained "on account of or in connection with the work" performed in furtherance of the construction project. This accident resulted in such a claim. Specifically, the indemnification agreement provided that: "The term 'loss and liability,' as used herein, shall be deemed to include, but not to be limited to, liability for the payment of workmen's compensation under the Workmen's Compensation Law of the State of New York, and the Contractor specifically covenants to reimburse the Authority and the City for all payments of workmen's compensation which they shall be required to make to any employee who shall claim to have sustained injuries on account of or in connection with the work hereunder, whether or not such injuries shall have been sustained as a result of negligence of the Contractor, his subcontractors, the Authority or the City, their respective agents, servants or employees, or negligence of the injured employee." Contract language no broader or extensive than that in the instant agreement has been held sufficient to provide indemnification, even as to an actively negligent indemnitee (see *Levine v Shell Oil Co.,* 28 NY2d 205, 211–213; *Stellato v Flagler Park Estates,* 6 AD2d 843; *Jordan v City of New York,* 3 AD2d 507). However, even though the contractor must hold the city harmless for Sanchez' injuries, the trial record is insufficient to permit a computation of the total amount of that award. A full offset of some $75,000 against the contractor's valid claim for $64,455.20 is not proper, except upon competent proof computed actuarially at a hearing at which all parties in interest may present evidence. In this respect, we note that the moneys already paid by the city to Sanchez are liquidated and may be used to offset plaintiffs' claim, but that a new hearing is required in order to compute the present value of the remaining amount due to Sanchez. Accordingly, we remand the case to the trial court with a recommendation to it to utilize, if possible, the expertise of the Workmen's Compensation Board in the computation of the remaining unliquidated amounts due Sanchez. All parties in interest, including plaintiffs, should be permitted to present whatever evidence they deem necessary, including proof as to the current state of Sanchez' health, in order to facilitate that computation. Upon that determination, the trial court should enter an appropriate judgment for the net amount due either party. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.