HARRY SEMANCHUCK, Respondent, *v.* FIFTH AVENUE and 37TH STREET CORPORATION, Appellant and Respondent; GOTHAM CONSTRUCTION CORPORATION, Appellant, and AETNA FIRE-PROOFING COMPANY, Respondent.

Argued March 2, 1943; decided April 22, 1943.

*William L. Shumate* for Gotham Construction Corporation, appellant.

*Raymond D. O'Connell* and *Edmond B. Butler* for Fifth Avenue and 37th Street Corporation, appellant and respondent.

*Samuel Saline* for plaintiff, respondent.

*Charles F. Bachmann, Thomas F. Keane* and *John P. Smith* for Aetna Fireproofing Company, respondent.

LEHMAN, Ch. J.  The plaintiff, an employee of Ætna Fireproofing Company, was injured while working in a building then in course of construction.  Defendant, Fifth Avenue and 37th Street Corporation, is the owner of the real property.  The owner made a contract with Gotham Construction Corp., hereinafter called the " contractor," for the masonry, lathing, plastering, carpentry and other work in the erection of the building.  The owner supervised all the work and was, in effect, the general contractor for the construction of the building.  The Labor Law, in section 241, places upon " all contractors and owners, when constructing  *  *  *  buildings " direct and positive duties for the " protection of employees on building construction  *  *  *  work," including the duty thoroughly to plank over floor beams of iron and steel (subd. 4) and the duty to enclose and fence in by barriers the sides of a shaft or opening in

the floor of a building under construction. The plaintiff, claiming that his injuries were the result of a fall through a shaft or opening not enclosed or fenced in by barriers as required by statute, brought this action to recover the consequent damages.

The jury found that *both* the owner and the contractor were negligent in failing to provide the barriers and guards required by section 241 of the Labor Law. The finding is sustained by the evidence. The statutory duty imposed upon both the owner and contractor was positive and could not be delegated and the provision in the contract between the owner and the contractor, whereby the contractor agreed to " erect and maintain all such temporary work as may be required for the protection of the public and those employed in or about the building, including guards and barricades around openings " confers upon the owner no immunity for damages to another, resulting from the failure of the owner to perform the duty imposed upon the owner, as well as upon the contractor, by statute. So the Appellate Division held and all the judges of this court agree that the judgment in favor of the plaintiff against both owner and contractor should be affirmed. The question remains whether the contractor has made a valid agreement to indemnify the owner against liability for damages resulting from the failure of both to perform their statutory duty.

In its contract with the owner the contractor agreed: " Article 28 — Indemnity: In addition to the liability imposed upon the contractor by law, and by article 27, which liability is not impaired or otherwise affected hereby, the Contractor hereby assumes the obligation to save the Owner harmless and indemnify him from every expense, liability or payment, by reason of any injury to any person or persons, including death, resulting from any action or operation under this contract." The owner made a cross-claim against the contractor for indemnity. The trial court rejected the cross-claim, but the Appellate Division sustained the cross-claim and granted judgment accordingly.

In the case of *Walters* v. *Rao Electrical Equipment Co.* (289 N. Y. 57) a workman employed by a subcontractor upon the construction of a building negligently dropped a piece of pipe which fell through a space between the floor beams and caused serious injuries to a workman of a different subcontractor who

was working one floor below. The accident would not have happened, at least so the jury found, if the general contractor had performed the statutory duty imposed upon him by subdivision 4 of section 241 of the Labor Law to plank over the floor beams thoroughly. It would not have occurred if the workman of a subcontractor had exercised reasonable care in his work. A jury found that the negligence of the general contractor and the negligence of the employee of the subcontractor were concurring causes of the accident and upon its finding the plaintiff was entitled to judgment against both the general contractor and the subcontractor. The general contractor by cross-complaint sought, in that action, indemnity from the subcontractor under a clause in their contract which provided the subcontractor will indemnify the contractor from claims for negligence in the course of the performance of the work. This court held that the agreement should not be construed to indemnify the general contractor against its own negligence and rejected the general contractor's claim for indemnity. We are told now that the decision in that case requires the rejection of the claim for indemnity, made under a similar clause, by the general contractor in this case against a subcontractor.

Three judges, including the writer of this opinion, dissented from the decision in the earlier case, insofar as it held that the general contractor was not, under the contract, entitled to indemnity from the subcontractor. The controversy over the applicable rule to be followed in the construction of the indemnity agreement has been resolved by that decision. The authoritative force of a decision as a precedent in succeeding cases is not determined by the unanimity or division in the court. The controversy settled by a decision in which a majority concur should not be renewed without sound reasons, not existing here. All the judges of the court accept the decision in the *Walters* case and the rules which form the basis for that decision as guides in analogous cases.

The rules which form the basis for the decision are tersely and plainly stated in the opinion of CONWAY, J. " The failure of the general contractor thoroughly to plank over the steel beams was a breach of a primary nondelegable duty " and " it was the *active duty* of the general contractor, if the space required covering, to cover over the floors. * * * The gen-

eral contractor and the subcontractor," it is said, "were joint active tort feasors." Analyzing the language of the indemnity agreement, the court found that it "revealed" no intention to extend the liability of the subcontractor beyond indemnification for the acts of persons employed by the subcontractor and that certainly no such intention was "unequivocally expressed." From these premises it necessarily followed that the indemnity agreement of the subcontractor did not extend to liability for the wrong of the general contractor. The dissenting judges challenged the premises not the conclusion which must be drawn from these premises if they are sound. The contention of the dissenting judges was that the "active misconduct" of the subcontractor was the "affirmative cause" of plaintiff's injury while the dereliction of the general contractor was only the "omission of its secondary duty to protect the plaintiff from such violence," and that from these premises the conclusion followed that the "active" wrongdoer owed indemnity to the wrongdoer whose negligence was only passive. The conclusion of the dissenting judges was rejected on the ground that when the Legislature in section 241 of the Labor Law imposed upon both the owner and contractor the positive command to provide the protection deemed appropriate by the Legislature in building and construction work, the purpose of the command and the nature of the duty created indicated a legislative intent that the general standards of "active" and "passive" negligence and the correlative obligations of wrongdoers based upon such distinctions which antedated the statute, should not be applicable within the field covered by the statute, to an omission to obey the statutory command.

In the case which we are now considering, as in the case of *Walters* v. *Rao Electrical Equipment Co.* (*supra*), it is plain that the owner and the contractor are liable to the plaintiff for their failure of duty which both owed to the plaintiff. As in the earlier case, a defendant, liable to the plaintiff for failure to furnish protection to workmen employed in constructing a building in accordance with the primary, nondelegable active duty imposed by section 241 of the Labor Law, seeks indemnity from a "joint active" tort feasor. Again the problem presented is whether the intention is "unequivocally expressed" in the indemnity agreement that one tort feasor should provide

to a partner in the wrong, indemnity against liability arising from failure of the other tort feasor to perform a positive active duty imposed by statute. The language of the indemnity agreement is not exactly the same as the language of the agreement the court construed in the earlier case, but the difference is not significant and, in applying the same rule of construction to the indemnity agreement, the conclusion seems again to follow that the owner or general contractor is not, under its terms, entitled to indemnity from the other " joint active tort feasor."

Our recent decision in *Schwartz* v. *Merola Bros. Construction Corp.* (290 N. Y. 145) is pressed upon us as authority for a contrary conclusion. In that case, as in the *Walters* case, and in the case now under consideration, the defendant seeking indemnity was itself subject to liability to the plaintiff for failure to perform a nondelegable duty imposed by law; but the nondelegable duty was not a " positive duty " imposed by section 241 of the Labor Law. The primary question thus presented was whether the rules and standards formulated in the prevailing opinion in the *Walters* case, applicable within the field covered by section 241 of the Labor Law, should be extended to other fields or whether the rules and standards which antedated that statute should continue to be applied in the field not included within its scope. The judges who concurred in the prevailing opinion in the *Walters* case dissented from the decision in the *Schwartz* case. We are agreed that, nonetheless, in the *Schwartz* case the court decided that the rule applied in the *Walters* case should not be extended into the field where indemnity is claimed against liability arising from failure to perform a nondelegable duty not arising under the Labor Law, in construction and demolition work.

That problem could not be presented in the *Walters* case and was not discussed in the prevailing opinion in the *Walters* case. The court, in the *Walters* case, was considering only the nature of the dereliction in the performance of a statutory duty under the Labor Law and it held that in the Labor Law the Legislature obliterated the old common-law distinction between passive and active negligence where negligence was from failure to exercise, in construction and demolition projects, the standard of care imposed by statute as a positive duty. The authority of the opinion and decision in the *Walters* case

remains unimpaired by the decision in the *Schwartz* case and, we think, is decisive in the present case. The rule is now firmly established that the duty imposed upon both the owner and the contractor under the provisions of section 241 of the Labor Law is an active primary duty and any agreement to provide indemnity for failure to perform such active primary duty must be unequivocally expressed. Accordingly, the judgment of the Appellate Division, insofar as it holds that the owner and general contractor in this case is entitled to indemnity under the indemnity agreement made by the subcontractor, Gotham Construction Corporation, must be reversed.

The judgment of the Appellate Division insofar as it sustains the cross-claim of Fifth Avenue and 37th Street Corporation against Gotham Construction Corporation, should be reversed with costs in all courts to Gotham Construction Corporation against Fifth Avenue and 37th Street Corporation, and in other respects affirmed, with costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ.. concur.

Judgment accordingly.