EMIDIO RUFO, Respondent, v. ANTHONY J. ORLANDO, Doing Business as A. J. ORLANDO CONTRACTING Co., Appellant and Third-Party Plaintiff-Respondent. NORTHCREST GARDENS CORP., Third-Party Defendant-Appellant.

First Department, May 24, 1955.

*John P. Carson* of counsel (*Matthew E. Lawless,* attorney), for appellant and third-party plaintiff-respondent.

*Benjamin H. Siff* of counsel (*Martin I. Weiss,* attorney), for respondent.

*I. Sidney Worthman* of counsel (*Harold M. Harkavy* with him on the brief; *Jones, Lynch & Soupios,* attorneys), for third-party defendant-appellant.

*Per Curiam.* Plaintiff has recovered judgment against Orlando, the sole defendant, for personal injuries allegedly resulting from Orlando's negligence. Orlando, who was the excavation contractor on a construction job, has in turn recovered judgment upon his third-party complaint against the general contractor, Northcrest. Implicit in the jury's verdict in favor of plaintiff was a finding that Orlando's failure to provide shoring and bracing in connection with his excavation work was a violation of the pertinent rules of the Board of Standards and Appeals that were promulgated pursuant to the authority granted under section 241 of the Labor Law.

The theory upon which Orlando sought recovery over against Northcrest was that he was hired to do only excavating work as directed and ordered by Northcrest, and not to do any shoring or bracing. Such additional precautionary measures, he contended, were the obligation and duty of Northcrest. Since the trial court adopted Orlando's theory in charging the law governing his third-party complaint, it may be assumed that the jury found that Orlando was employed and paid only for making the excavation, and not for shoring or bracing.

The duty owed by Orlando to plaintiff, pursuant to the provisions of section 241 of the Labor Law and the implementing rules of the Board of Standards and Appeals, is a primary and nondelegable one (*Walters* v. *Rao Elec. Equipment Co.,* 289 N. Y. 57, 61). Orlando's violation of this statutory duty rendered him an active, primary wrongdoer, and as such bars him from indemnification from Northcrest (*Semanchuck* v. *Fifth Ave. & 37th St. Corp.,* 290 N. Y. 412, 423).

Northcrest's alleged loose assumption of obligations imposed by section 241 might in another liability frame cast it in the role of the sole primary tort-feasor. Section 241, however, recognizes no shadings of duties among those charged with its observance.

" When the Legislature in section 241 of the Labor Law imposed upon both the owner and contractor the positive command to provide the protection deemed appropriate by the Legislature in building and construction work, the purpose of the command and the nature of the duty created indicated a legislative intent that the general standards of ' active ' and ' passive ' negligence and the correlative obligations of wrong doers based upon such distinctions which antedated the statute, should not be applicable within the field covered by the statute, to an omission to obey the statutory command." (*Semanchuck* v. *Fifth Ave. & 37th St. Corp., supra,* p. 421.)

Orlando also contends that he was nothing more than an agent following precisely the instructions of his principal and that if held liable, he is entitled to recovery of such amount against his principal (*Howe* v. *Buffalo, N. Y. & Erie R. R. Co.,* 37 N. Y. 297; *Zimmerman* v. *Weber,* 135 App. Div. 428). Even if the evidence would support Orlando's view of his status he clearly was not an innocent agent nor an agent acting without fault, and was not relieved from personal responsibility for his own wrongdoing (*Rhynders* v. *Greene,* 255 App. Div. 401). Such wrongdoing was stamped as active and primary by the provisions of section 241, and therefore foreclosed recourse to his alleged principal.

The judgment in favor of plaintiff against Orlando should be affirmed, and the judgment in favor of Orlando, as third-party plaintiff, against the third-party defendant Northcrest should be reversed.

COHN, J. (dissenting). In this action based upon breach of a statutory duty under section 241 of the Labor Law, plaintiff, after a jury trial, obtained a judgment in the sum of $20,000 against defendant, Anthony J. Orlando (hereinafter referred to as Orlando). Defendant Orlando, as third-party plaintiff, recovered a judgment over against Northcrest Gardens Corporation (hereinafter referred to as Northcrest), third-party defendant, in the same amount. Both defendants appeal.

Orlando entered into an oral contract with Northcrest to do excavating work at a site upon which Northcrest owned the land and was to construct a new building. Northcrest acted as its own general contractor and controlled the construction work. An officer of Northcrest arranged with Orlando to pay him at the rate of forty cents per cubic yard on truck measure for the work. Nothing was said to Orlando regarding shoring; his contract with Northcrest related purely to excavating. In order

to do the job, Orlando used a Lorraine shovel, four trucks and a tractor, and excavated about 2,500 cubic yards of soil. No plans and specifications were given to him, but he took orders from Northcrest's superintendent, who laid out the stakes, and who directed the shovel operator where to dig. The excavation took two days and was completed on November 30, 1948. The superintendent of Northcrest stated that he desired no more work done, and Orlando took his equipment away.

About two weeks later, plaintiff, a laborer employed by Northcrest, was directed by Northcrest to shovel dirt in the excavation which had been made by the contractor, Orlando. Plaintiff's work consisted of placing sand in a wheelbarrow, which was then removed by another. As plaintiff's work progressed towards the embankment caused by the excavation, a landslide of loose soil fell upon him and pinned him down. The accident appears to have resulted from the lack of shoring of the sidewalls.

Plaintiff, as was his right, elected to bring suit against Orlando rather than file his claim with the Workmen's Compensation Board against his employer Northcrest for disability and medical benefits allowed an injured employee under the Workmen's Compensation Law. Thus we have here a familiar situation where an injured plaintiff who has a choice, will bring suit against a third-party so that any recovery for injuries may not be limited to the range afforded by Workmen's Compensation.

Section 241 of the Labor Law required that all contractors and owners shall comply with the rules of the Board of Standards and Appeals providing for the protection of workmen in connection with excavation work for the construction of buildings. Section 23-4.4 of said rules (3 N. Y. Official Compilation of Codes, Rules & Regulations, p. 658) in effect at the time of the occurrence provided that in any trench excavation, five feet or more in depth, when the texture of the soil or other condition of the place is such as to produce an unsafe condition, timber bracing or steel sheet-piling bracing shall be used for shoring. It is to be noted that the trial court in its charge to the jury read present sections 23-11.2 and 23-11.3 of the rules promulgated by the Board of Standards and Appeals and in effect September 15, 1951. These sections are similar in import to section 23-4.4 of the said rules in effect at the time of the accident.

*Semanchuck* v. *Fifth Ave. & 37th St. Corp.* (290 N. Y. 412) followed *Walters* v. *Rao Elec. Equipment Co.* (289 N. Y. 57) and established the rule that within the scope of section 241 of

the Labor Law the duty of both the contractor and owner is nondelegable, active and positive; that the rules and standards of liability antedating section 241 are no longer applicable so far as breach of statutory duty imposed by that section is concerned; that owner and contractor are joint tort-feasors and, as such, one may not recover over against the other. In its opinion in the *Semanchuck* case the court stressed the fact that the rule was confined to situations arising from a violation of section 241 of the Labor Law. However, distinctions between passive and active negligence continue to be recognized in cases which do not come within the compass of that section. The legislative design apparently was to insure the injured plaintiff an existing and responsible defendant. (*Wischnie* v. *Dorsch,* 296 N. Y. 257, 262.)

Although, by its verdict, the jury must have found a violation of section 241 of the Labor Law by Orlando, the relationship between the owner and contractor in this case is quite different from that which normally exists. The facts adduced at the trial show that Orlando was not *in pari delicto* with Northcrest (*Tipaldi* v. *Riverside Memorial Chapel,* 273 App. Div. 414, 418, 420, affd. 298 N. Y. 686); Northcrest directed Orlando; told him when the job was acceptable to it; paid him per cubic yard of removed earth; maintained the premises under its ownership, management and control for two weeks after Orlando had completed the job; did no shoring, and sent plaintiff, its own workman, into the pit to do further digging and removal of earth. The record shows that there were shoring contractors on Long Island with whom Northcrest could have contracted or it could have undertaken the shoring itself. Orlando was simply operating under a limited work agreement wherein he was to take orders from the superintendent of Northcrest.

It has been held that where an agent has followed the instructions of his principal if for any reason the agent is held liable he is entitled to a recovery over of such amount against his principal. (*Howe* v. *Buffalo, N. Y. & Erie R. R. Co.,* 37 N. Y. 297; *Zimmermann* v. *Weber,* 135 App. Div. 428; Mechem on Agency, [2d ed.], § 1600 *et seq.*) Orlando was an innocent party here, doing what he was requested to do under the direction and control of Northcrest, just as in *McFall* v. *Compagnie Maritime Belge* (304 N. Y. 314, 329, 330, 331 Conway, J.), the Belgian line was the innocent party and entitled to judgment over against Transoceanic, the employer of the plaintiff therein.

The jury by its verdict determined that Orlando did the job as Northcrest wanted it done; that he was paid on that basis,

and thus he was entitled to recovery over in accordance with principle of our decision on the pleadings in this very case (*Rufo* v. *Orlando,* 282 App. Div. 934).

Under the circumstances, while plaintiff was entitled to recover from Orlando for breach of statutory duty amounting to passive negligence, Orlando, in turn, in the peculiar circumstances of this case, we think should be entitled to recover over against Northcrest who is the primary wrongdoer in failing to provide for the erection of the shoring either by itself or by its contractor.

Accordingly, I dissent and vote to affirm in all respects.

CALLAHAN, BASTOW and BOTEIN, JJ., concur in *Per Curiam* opinion; COHN, J., dissents in opinion in which PECK, P. J., concurs.

Judgment in favor of the plaintiff against Orlando affirmed, with costs against Orlando; judgment in favor of Orlando, as third-party plaintiff, against the third-party defendant Northcrest, reversed, with costs against Orlando, and judgment is directed to be entered in favor of Northcrest dismissing the complaint herein, with costs.   Settle order on notice.