EMIDIO RUFO, Respondent, v. ANTHONY J. ORLANDO, Doing Business as A. J. ORLANDO CONTRACTING Co., Appellant and Third-Party Plaintiff-Appellant. NORTHCREST GARDENS CORP., Third-Party Defendant-Respondent.

Argued October 10, 1955; decided December 1, 1955.

*John P. Carson* and *Matthew E. Lawless* for appellant and third-party plaintiff-appellant. I. No liability rests upon appellant by reason of the fact that his work was completed, accepted, and paid for fifteen days before the occurrence of the accident,

and the premises were at the time of the accident completely under the ownership, management and control of third-party defendant-respondent. (*Bergen* v. *Morton Amusement Co.*, 95 Misc. 647, 178 App. Div. 400, 226 N. Y. 665; *Swan* v. *Jackson*, 55 Hun 194; *Mayor of City of Albany* v. *Cunliff*, 2 N. Y. 165; *Miller* v. *Davis & Averill*, 137 N. J. L. 671; *Smith* v. *Claude Neon Lights, Inc.*, 110 N. J. L. 326; *Del Longo* v. *Bennett-Brewster Co.*, 192 Misc. 426.) II. If, for any reason known to the law, appellant has been validly held liable for the accident, the judgment of the Appellate Division as to the third-party complaint should be reversed and the judgment of the trial court, based upon the jury's verdict herein, should be reinstated. (*Howe* v. *Buffalo, New York & Erie R. R. Co.*, 37 N. Y. 297; *Zimmermann* v. *Weber*, 135 App. Div. 428; *Herman* v. *Leland*, 80 Misc. 598; *Admiral Oriental Line* v. *United States*, 86 F. 2d 201; *People ex rel. Van Keuren* v. *Board of Town Auditors of Town of Esopus*, 74 N. Y. 310; *Tipaldi* v. *Riverside Memorial Chapel*, 273 App. Div. 414, 298 N. Y. 686; *Rager* v. *McCloskey*, 305 N. Y. 75; *Wheelock* v. *Noonan*, 108 N. Y. 179; *Capel* v. *Lyons*, 3 Misc. 73; *Wischnie* v. *Dorsch*, 296 N. Y. 257; *McFall* v. *Compagnie Maritime Belge*, 304 N. Y. 314.) III. Prior to the trial, the Appellate Division unanimously affirmed an adjudication by Special Term that the third-party complaint herein stated a valid cause of action for recovery against third-party defendant-respondent (*Rufo* v. *Orlando*, 282 App. Div. 934). Therefore, it would seem that if the substantial allegations of the third-party complaint were established, the law of this case has already been declared. IV. The cases relied upon in the majority opinion of the Appellate Division, *Walters* v. *Rao Elec. Equipment Co.* (289 N. Y. 57), and *Semanchuck* v. *Fifth Ave. & 37th St. Corp.* (290 N. Y. 412), dealing with the positive provisions of section 241 of the Labor Law, are inapplicable. (*Schumer* v. *Caplin*, 241 N. Y. 346; *Teller* v. *Prospect Heights Hosp.*, 280 N. Y. 456; *Burris* v. *American Chicle Co.*, 120 F. 2d 218; *Underhill* v. *Major*, 220 App. Div. 173, 247 N. Y. 525; *Lee* v. *Trefflich*, 272 App. Div. 255, 297 N. Y. 772; *Wischnie* v. *Dorsch*, 296 N. Y. 257; *Richardson* v. *Cannold Holding Corp.*, 283 App. Div. 789, 308 N. Y. 932; *McFall* v. *Compagnie Maritime Belge*, 304 N. Y. 314.)

*Benjamin H. Siff* and *Martin I. Weiss* for respondent. Appellant having affirmatively created a dangerous excavation which it knew was going to be utilized by other contractors in subsequent work, is liable for injuries caused thereby to an employee of such subsequent contractor. (*Harriman* v. *New York, Chicago & St. Louis R. R. Co.*, 253 N. Y. 398; *McGlone* v. *William Angus, Inc.*, 248 N. Y. 197; *Quigley* v. *Thatcher*, 207 N. Y. 66; *Clemens* v. *Benzinger*, 211 App. Div. 586; *Bill* v. *New York Expanded Metal Co.*, 60 App. Div. 470; *Wittenberg* v. *Seitz*, 8 App. Div. 439; *Haverstick* v. *Hansen & Sons*, 277 N. Y. 158; *Brown* v. *Welsbach Corp.*, 301 N. Y. 202; *Adams* v. *White Constr. Co.*, 299 N. Y. 641; *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Devlin* v. *Smith*, 89 N. Y. 470.)

*I. Sidney Worthman* and *Harold M. Harkavy* for third-party defendant-respondent. I. The jury, by its verdict in favor of plaintiff, established that appellant was guilty of affirmative negligence. Hence, appellant, as an active primary wrongdoer, was barred from any right of indemnification from third-party defendant-respondent. (*Dick* v. *Sunbright Steam Laundry Corp.*, 307 N. Y. 422; *McFall* v. *Compagnie Maritime Belge*, 304 N. Y. 314; *Middleton* v. *City of New York*, 300 N. Y. 732; *Semanchuck* v. *Fifth Ave. & 37th St. Corp.*, 290 N. Y. 412; *Walters* v. *Rao Elec. Equipment Co.*, 289 N. Y. 57.) II. Appellant is not entitled upon this appeal to invoke the doctrine of the law of the case before this court with reference to the adjudication concerning the validity of the third-party complaint. (*Gracie Square Realty Corp.* v. *Choice Realty Corp.*, 305 N. Y. 271; *Hornstein* v. *Podwitz*, 254 N. Y. 443.)

BURKE, J. The plaintiff, a laborer employed by the third-party defendant, Northcrest Gardens, Inc., was injured as the result of the collapse of an embankment of an excavation dug by the defendant Orlando, while the plaintiff was working in the excavation.

Orlando had agreed orally with Northcrest to excavate the land for a foundation for stores. Orlando was required to supply the power shovel, four trucks and a tractor, and the workmen. The excavation, after the work had been completed was approximately twelve feet in depth, and the top of the embankment extended approximately four feet beyond the edge

of excavation. The work was completed on November 30, 1948, without the use of shoring or bracing materials. Two weeks later, on December 15, 1948, the embankment collapsed.

The plaintiff maintained this action against Orlando, who in turn issued a third-party complaint against Northcrest, on the theory that he was entitled to indemnification should he be held liable in the original action. The trial court charged the jury that former section 23–4.4 presently section 23–11.3 of the Rules of the Board of Standards and Appeals issued in accordance with the statute, required shoring of embankments in excavations of five feet or more when the circumstances require.

Section 241 of the Labor Law states:

" All contractors and owners, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements: * * *

" 6. .The board of standards. and appeals may make rules to provide for the protection of workmen in connection with the excavation work for the construction of buildings, the work of constructing or demolishing buildings and structures, and the guarding of dangerous machinery used in connection therewith, and the owners and contractors for such work shall comply therewith."

The jury returned a verdict for plaintiff and the defendant Orlando. The Appellate Division affirmed as to the plaintiff, but reversed as to the defendant Orlando, on the law and the facts, and dismissed the third-party complaint.

On this appeal Orlando seeks to avoid liability to the plaintiff on the grounds that he had completed the job fifteen days before the occurrence of the accident, and that the accident occurred while the third-party defendant was in ownership, management and control of the premises.

Orlando denies that he created a dangerous condition. The circumstance that he was not in possession of the premises is not determinative of his liability. (*Haverstick* v. *Hansen & Sons*, 277 N. Y. 158.) He knew that the excavation was to be used for the laying of a foundation for the building of stores. As a contractor he was aware that an embankment over a trench negligently excavated could collapse. The question of his negligence was at best a question of fact for the jury. The

jury resolved the question against him. The verdict of the jury has been sustained by the Appellate Division. We cannot say as a matter of law that the finding was incorrect.

We now turn to the question of whether Orlando, having been found negligent, may recover from the third-party defendant on the doctrine of a right to indemnification from the person in possession and control of the premises.

If the work negligently performed by Orlando comes within the purview of section 241 of the Labor Law, no indemnification is permitted. This court has construed the section as rejecting the common-law doctrine of active and passive negligence. (*Walters* v. *Rao Elec. Equip. Co.*, 289 N. Y. 57; *Semanchuck* v. *Fifth Ave. & 37th St. Corp.*, 290 N. Y. 412.) In these cases the court had enunciated the rule that the failure to comply with the statute was a breach of a nondelegable duty, which renders the defendant an active wrongdoer.

The record discloses a failure to install shoring as mandated by the rules of the Board of Standards and Appeals promulgated pursuant to the statute.

Orlando attempts to avoid the sanctions imposed by the statute and enforced by the pertinent case law on two theories. His first hypothesis is that he did not violate the statute but rather, if there was any violation at all, it was a violation of the regulations promulgated by the Board of Standards and Appeals. The rules and regulations promulgated pursuant to section 241 of the Labor Law are designed to supplement and effectuate the legislative policy enunciated in that section. Since it has been determined that the Legislature has abolished the distinction between active and passive tort-feasors for the purposes of the statute, it follows that the rules and regulations implement the statute and do not alter the legislative intent.

As we have stated under the rulings in the *Walters* and *Semanchuck* cases (*supra*), the Legislature had made inapplicable, for the purposes of the statute, the common-law rule of indemnity between passive and active tort-feasors. Thus any person violating the statute is per se an active tort-feasor, and hence such a person cannot have a cause of action in negligence against a joint tort-feasor. To hold otherwise would encourage a disregard for the objectives of the statute. The objectives of

the statute are not alone to provide remedies for laborers but more particularly to prevent accidents causing the injuries. The sanctions imposed by the statute and the cases are necessary to compel a high standard of care by forbidding any delegation of responsibility and any right of recovery over against even a joint tort-feasor. The exceptions to the rule do not apply here, as this court specifically held in *Wischnie* v. *Dorsch* (296 N. Y. 257, 261). We then stated (when referring to *Semanchuck* v. *Fifth Ave. & 37th St. Corp., supra*) "In that case we concluded that, in construction and demolition projects, the statute imposed a 'positive' duty upon the owner and contractor alike (Labor Law, § 241); that it was an active, primary duty; and that any agreement to provide indemnity for concurrent failure to perform such duty must be 'unequivocally expressed', under the general theory that contracts 'will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms' (*Thompson Starrett Co.* v. *Otis Elevator Co.,* 271 N. Y. 36, 41)."

If, as Orlando contends, it was not his duty to furnish any shoring or bracing, then he would not be liable to the plaintiff and there would be no basis for indemnification. The verdict in favor of the plaintiff necessarily implied a finding that the trench was not reasonably safe for the purpose for which it was to be used, and that Orlando was affirmatively negligent in failing to provide shoring and bracing, thereby creating a dangerous condition at the site of the excavation. In such circumstances there may not be a recovery over as any negligence of Northcrest would merely establish both as active joint tort-feasors.

Orlando's second contention is that he was not a contractor within the meaning of the statute. He seeks to establish the agency or employee relationship by evidence that Northcrest directed his activities; approved and accepted the job as completed; paid compensation at a rate per cubic yard of earth removed, and maintained the premises under its ownership, management and control for two weeks after Orlando completed the job. The only factor which lends support to Orlando's contention is the testimony showing that Northcrest issued oral instructions instead of supplying plans or specifications. The fact that he received oral instructions as to the manner and

extent of excavating the trench and was not supplied plans or specifications, hardly proves that Orlando was an employee or agent. The oral instructions were merely a practical substitute for plans or specifications. Prior to the commencement of the work, Orlando discussed the terms upon which the job was to be accepted with an officer of Northcrest. Orlando was required to supply and did supply the power shovel, the trucks for the removal of the earth and the laborers. The laborers were subject solely to the orders of Orlando. Orlando paid the laborers, as well as all the other incidental expenses of the operation. Giving full credence to Orlando's testimony, and drawing every favorable inference therefrom, it nevertheless is apparent that Orlando was an independent contractor and not an employee or agent of Northcrest.

There remains for consideration a determination of Special Term made prior to the trial. Special Term held that the third-party complaint stated a cause of action. The Appellate Division affirmed (282 App. Div. 934). Orlando contends that this ruling is the law of the case. This court is not bound by such determination. In *Gracie Square Realty Corp.* v. *Choice Realty Corp.* (305 N. Y. 271), this court said at page 278: " The plaintiffs rely largely upon the doctrine of the law of the case by reason of the fact that in 1948 there was a denial at Special Term of a motion under rule 106 to dismiss the complaint for insufficiency, and that no appeal was ever taken therefrom. The denial of that motion merely signified that the court considered that the complaint alleged a valid cause of action against defendants and, in any event, would not justify the invocation of the doctrine of the law of the case in this court ".

The judgment should be affirmed, with costs.

CONWAY, Ch. J., DESMOND and FULD, JJ., concur with BURKE, J.; FROESSEL and VAN VOORHIS, JJ., dissent in part and vote to modify the judgment appealed from by reinstating the judgment rendered by the trial court in favor of the third-party plaintiff, Anthony J. Orlando, against the third-party defendant, Northcrest Gardens Corp., for the reasons stated in the dissenting opinion by Mr. Justice COHN in the Appellate Division; DYE, J., taking no part.

Judgment affirmed.