■ ROSOLINO COVELLO, Respondent, v. ROSEN & ROSEN BRICK MASONS, INC., Appellant, and NORTH BROADWAY GARDENS, INC., Respondent.— In an action by an employee of a subcontractor on a building under construction to recover damages for personal injuries against the general contractor, who is also the owner, and against another subcontractor, the owner served a cross complaint against that subcontractor for judgment over. The subcontractor appeals from a judgment entered on a jury verdict in favor of the employee against it and the owner and in favor of the owner against it on the cross complaint, and from so much of an order on reargument as denied its motion to vacate the judgment over and to dismiss the cross complaint. Order modified by striking from the second ordering paragraph everything following the word "re-argument" and by substituting therefor a provision granting the motion and dismissing the cross complaint, without costs. As so modified, order insofar as appealed from affirmed, without costs. Judgment modified accordingly and, as so modified, affirmed, with costs to appellant, payable by defendant-respondent. The uncontradicted evidence is to the effect that the owner failed to construct a sidewalk shed as required by section 241 of the Labor Law and the Rules of the Board of Standards and Appeals. The jury was properly instructed as to the owner's duty in this regard, and implicit in the verdict is a finding that the breach thereof was a proximate cause of the accident. The breach of this nondelegable statutory duty precludes recovery over against the subcontractor (*Rufo* v. *Orlando*, 309 N. Y. 345; *Walters* v. *Rao Elec. Equip. Co.*, 289 N. Y. 57). Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to affirm.