Nathaniel T. Helman, J.
This action was brought against the defendants for failure to provide adequate protection to the deceased as required by the Labor Law and the Buies of the Board of Standards and Appeals as promulgated in its Bulletin No. 23. Deceased fell down an elevator shaft while in the process of removing some boards within the shaft. Although four defendants were originally named, complaints as to two subcontractors were dismissed so that the issues presented to the jury were limited to the responsibility of the owner and general contractor under sections 200, 240, 241, 241-a of the Labor Law and rule 23-11.5 of the Buies of the Board of Standards and Appeals.
The jury awarded to .plaintiff a judgment in the aggregate sum of $58,000 against the general contractor Hegeman-Harris Co., Inc., and exonerated the owner from liability.
All issues under the cross complaints, as well as the third-party complaint of Hegeman against Lybeck, Inc., were reserved for determination by the court without a jury, by appropriate stipulation.
Hegeman originally filed cross complaints against the two subcontractors who were relieved of responsibility by the court at the end of plaintiff’s case. Both cross complaints have now been withdrawn and there remains only the third-party complaint of Hegeman against Lybeck for consideration.
The court is now asked to adjudicate these issues favorably to Hegeman on two theories. (1), the “ active ” negligence of the third-party defendant as related to the “passive” negligence of Hegeman, and (2) the indemnity provisions contained in the contract between Hegeman, as general contractor, and Lybeck, as subcontractor.
In urging its status as a tort-feasor “ passively” negligent, Hegeman has viewed the verdict as one based exclusively on the general safety provisions of section 200. Although specific charges were submitted to the jury under sections 240, 241, 241-a and the Buies of the Board of Standards and Appeals arising out of failure to provide barricades, safety belts, nets, and other devices specifically required by those sections, Hegeman contends *689 that the discharge of the “ Owner ” from liability, by the jury, under section 241 was tantamount to a finding that sections 240 and 241 were not violated by the general contractor. This contention is wholly without merit. The burdens cast upon the owner and the contractor of compliance with the requirements of section 241 are several and not joint. The exoneration of either from liability will not serve to relieve the other of his own dereliction. Ample evidence appears upon the trial involving the general contractor in these statutory violations. Among other things, the absence of a safety net as required by subdivision 3 of rule 23-11.5 is sufficient when no safety belt is supplied to a workman, to point up a basic cause for this unfortunate occurrence wherein the deceased was propelled 7 floors to the ground from the area in which he was stationed. Significant, also, is the failure of Hegeman to offer any proof at the trial of a single act or omission by the third-party defendant which might be regarded as negligence. Several subcontractors were engaged in various phases of construction in the immediate area and if Hegeman had sought to establish the negligence of any of these, as directly related to the occurrence, such evidence should have been offered at the trial. Furthermore, Hegeman was charged with the duty as the general contractor in its supervision of the work of the subcontractors to illuminate and keep clean the working area around the elevator shaft.
At the trial testimony was offered concerning notice of these conditions to the employees of Hegeman so as to cast upon the latter a primary and direct responsibility. This responsibility as an active tort-feasor Hegeman cannot escape by standing by and waiting for an opportunity to transfer its nondelegable undertaking to others. (Falk v. Crystal Hall, 200 Misc. 979, affd. 279 App. Div. 1071,1073, motion for leave to appeal denied 304 N. Y. 987; Ruping v. Great Atlantic & Pacific Co., 283 App. Div. 204; Rosenberg v. Schwartz, 260 N. Y. 162, 166; Delaney v. Philhern Realty Holding Corp., 280 N. Y. 461, 467.)
The claim of Hegeman for indemnity under its agreement with Lybeclc must likewise be disallowed. Having violated the statute Hegeman became, per se, an active tort-feasor and was thus under well-settled authority denied a cause of action in negligence against an allegedly joint tort-feasor. (Rufo v. Orlando, 309 N. Y. 345; Duncan v. Twin Leasing Corp., 283 App. Div. 1080; Semanchuck v. Fifth Ave. & 37th St. Corp., 290 N. Y. 412.)
The intention to provide indemnity for losses due to Hegeman’s own negligence was not unequivocally expressed. The *690 same rule applies whether the active negligence is statutory or arises out of common law (Jordan v. City of New York, 3 A D 2d 507).
The indemnity agreement considered here is similar to that in the case of Thompson-Starrett Co. v. Otis Elevator Co. (271 N. Y. 36, 41). The phrase “ arising out of the performance hereunder ” has its parallel in the Thompson-Starrett case, i.e. “ growing out of the execution of the work ”, Similar contractual indemnity clauses were not held enforcible in Broderick v. Cauldwell-Wingate Co. (301 N. Y. 182) and Walters v. Rao Elec. Co. (289 N. Y. 57.) The majority and dissenting opinions of the Appellate Division, First Department, in Jordan v. City of New York (3 A D 2d 507, supra) have served to clarify minimal requirements for indemnity provisions ‘ ‘ unequivocally expressed ”.
It is to be hoped that the reasoning in the Semanchuck and Bufo cases (supra) will eventually be extended to embrace the provisions of sections 200 and 240 within their broad scope, particularly, in building and construction cases.
All of the quoted sections of the Labor Law have to do with the same type of work, and all are concerned with safeguards for the protection of workmen. It would appear that a recognition of the violator of any one of these statutes as an “ actively ” negligent tort-feasor would be in keeping with the legislative intent in the writing of these laws. The fine distinctions which may have existed at common law, and which have been followed in some decisions interpreting violations of section 200, as “ passive ” negligence in building and construction cases, serve little purpose to-day. The trend of recent legislation in this field toward a unified series of safeguards for workmen engaged in this work, should be implemented by a consistent rule of negligence as to any violation.
The views expressed by the Court of Appeals in the Semanchuck opinion (supra) appear to indicate a trend toward this reasoning in building and construction cases. ‘1 The Legislature obliterated the old common-law distinction between passive and active negligence where negligence was from failure to exercise, in construction and demolition projects, the standard of care imposed by statute as a positive duty ” (p. 422).
The third-party complaint of Hegeman against Lybeck will be dismissed, with costs, and judgment will be entered accordingly.