James A. Roe, Jr., J.
Motion by the third-party defendant, John B. Kelly, Inc. (Kelly), to dismiss for legal insufficiency the third-party complaint of the defendant United Hoisting Co., Inc. (United), and the cross complaint of defendant HRH Construction Corp. (HRH) against the third-party defendant. Motion by plaintiff to examine HRH before trial.
The action is by a construction worker to recover damages for personal injuries allegedly sustained when an elevator, in which he was working, suddenly dropped from a stationary position on an upper level of the building under construction to the ground floor thereof.
It is alleged in the plaintiff’s complaint that HRH was the general contractor; that United was a subcontractor which was engaged to and did install the elevator; that on or about the 19th day of May, 1954, while the plaintiff was inside the elevator in the course of his work, the said elevator suddenly dropped *763 to the ground floor although the same had been in a stationary position for some time prior to the drop and that “ the defendant [s] were negligent in that they failed to provide a safe hoist type elevator for use of the plaintiff, failed to exercise reasonable safety precautions, failed to exercise sufficient and proper safety checks and in permitting the elevator and/or hoist to become and be defective and dangerous to lawful users of same and in failing to provide proper maintenance and protection and proper mechanisms and stops to prevent accidents such as sustained by the plaintiff herein and in being reckless and careless in other respects in failing in their duty owed to the plaintiff.”
In the first cause of action of the third-party complaint United alleges that it had entered into a contract with Kelly for the rental of a material hoist; that pursuant to the contract United delivered the hoist to Kelly; that Kelly was in sole charge, custody and control of the hoist; and that if the plaintiff was injured, as alleged in the complaint, his injuries were sustained by reason of the acts of omission and commission of Kelly in that Kelly failed to provide a proper operator for the hoist involved and that the hoist was operated in a negligent and careless manner by an incompetent operator at a fast, dangerous and excessive rate of speed while overloaded and improperly loaded.
The allegations of negligence contained in this cause of action are all concerned with the operation of the hoist and not with its construction or maintenance. The plaintiff’s complaint, however, pleaded that United (and HRH) were negligent in the construction and maintenance of the elevator. United can only be held liable to the plaintiff if it negligently constructed or maintained the hoist. Under the complaint United may not be held liable if the accident was caused by the operation of the hoist. Accordingly, there is no basis for a claim over by United against Kelly based on operation and the first cause of action is insufficient.
In the second cause of action United alleges that the contract between it and Kelly provided inter alia that'
“ ‘ The lessee [John B. Kelly, Inc.] hereby covenants and agrees.
“ ‘ To save harmless the lessor [United Hoisting Co., Inc.] from all liability and claims for any property damage and personal injury caused directly or indirectly by the leased equipment and materials or by the use thereof while under the control or in the custody of the lessee [John B. Kelly, Inc.].’ ”
*764 In the opinion of the court this claim over for contractual indemnity is insufficient. The clause falls short of the unequivocal expression of an intention to indemnify United even for United’s own negligence. (Semanchuck v. Fifth Ave. & 37th St. Corp., 290 N. Y. 412; Bernardo v. Fordham Hoisting Equipment Co., 6 A D 2d 619, affd. 6 N Y 2d 733; Jordan v. City of New York, 3 A D 2d 507, affd. 5 N Y 2d 723.) Moreover, United can only be held liable to the plaintiff for the construction or maintenance of the hoist and not for its use by Kelly.
In the third cause of action United alleges that the agreement between it and Kelly contained a covenant that the elevator would not be used for the carrying of persons, but only for the raising and lowering of materials; that at the time of the accident Kelly was carrying the plaintiff on the hoist as a passenger; and that if the plaintiff obtains judgment against United, United is entitled to recover over against Kelly by reason of Kelly’s breach of the aforesaid covenant.
There is no allegation in the complaint to sustain the claim of United that the plaintiff was injured by reason of the breach of this agreement. Even if by some broad construction of the complaint it could be held that the plaintiff was a passenger in the elevator, no facts are alleged to show that his injuries were sustained by reason thereof. If the plaintiff succeeds in obtaining a judgment against United, it will only be because of United’s active negligence in the construction and maintenance of the elevator and not because of any fault or omission in its operation.
Since none of the three causes of action pleaded in the third-party complaint is sufficient, the said third-party complaint is dismissed.
The cross complaint of HBH against Kelly is also dismissed. This cross complaint is similar to the first cause of action of United’s third-party complaint in that all the allegations of negligence contained therein are concerned with the operation of the elevator by Kelly. Since the plaintiff’s complaint is based upon the construction and maintenance of the elevator, and not its operation, there is no possibility of HBH being held liable for passive negligence in relation to the operation of the elevator.
The motion of the plaintiff for an examination before trial is denied without prejudice to renewal in the Calendar Part of this court since the action is presently on the Trial Calendar.