FRANCES ROONEY, Individually and as Limited Administratrix of the Estate of JOHN J. ROONEY, Deceased, Plaintiff, v. S. A. HEALY Co. et al., Defendants. THOMAS ADAIR CONTRACTING CORP., Defendant and Third-Party Plaintiff-Appellant, v. CITY OF NEW YORK, Third-Party Defendant-Respondent.

—In a negligence action, Thomas Adair Contracting Corp., a defendant and third-party plaintiff, appeals from an order of the Supreme Court, Richmond County, dated November 15, 1962, which dismissed its third-party complaint against the City of New York on the ground that it appeared on the face of such complaint that it failed to state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 4). Order affirmed, with $10 costs and disbursements. The main complaint seeks damages from Adair and other defendants for the death of plaintiff's intestate which allegedly resulted from the defendants' negligence in connection with the construction of a sewer for the City of New York. Adair, a subcontractor engaged in the construction work, is charged with performing a portion of its work improperly. It served a third-party complaint on the city, seeking indemnity on the ground, in substance, that its work was done in accordance with the city's requirements. In our opinion the third-party complaint was properly dismissed. Under the allegations of the main complaint, Adair could be held liable to plaintiff only upon a showing that it was guilty of active negligence (cf. *Cochran* v. *Sess*, 168 N. Y. 372, 375, 376–377; *Ryan* v. *Feeney & Sheehan Bldg. Co.*, 239 N. Y. 43, 46). It was not, therefore, entitled to indemnity from a joint tort-feasor (cf. *Rufo* v. *Orlando*, 286 App. Div. 88, affd. 309 N. Y. 345; *Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.*, 9 N Y 2d 426, 430; *Colon* v. *Board of Educ. of City of N. Y.*, 11 N Y 2d 446, 451). Kleinfeld, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.