ELIZABETH JACKSON et al., Respondents-Appellants, v. GEORGE BROOKS, Appellant-Respondent, and PHOEBE HORNING, Respondent. EVELYN RULISON et al., Respondents-Appellants, v. GEORGE BROOKS, Appellant-Respondent, and PHOEBE HORNING, Respondent.— MEMORANDUM BY THE COURT. The verdicts were clearly warranted by the evidence. Whether or not the objection to the reception of proof allegedly at variance with the bill of particulars was well taken, there was no exception to the charge whereby the issue seems to have been submitted, nor was there any request for its clarification. Judgments affirmed, with costs to plaintiffs-respondents. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

CAROL MILNE, as Administratrix of the Estate of ALLEN V. MILNE, Deceased, Plaintiff, v. CHANDLER AND HATLEE, Defendant and Third-Party Plaintiff-Appellant. ROCCO J. REPICE, Third-Party Defendant-Respondent.— HERLIHY, J. The third-party plaintiff-appellant appeals from an order which dismissed its complaint on the merits for failing to state a cause of action. The defendant was engaged in digging a trench. The decedent, an employee of the third-party defendant-respondent, entered the trench, which had not been shored up, and was killed by a cave-in. A comprehensive statement of the facts is set forth in the decision of Special Term (45 Misc 2d 592). The only theory upon which the plaintiff could recover, under the allegations of the complaint, would be a showing of active negligence by the appellant in failing to perform the nondelegable duty of shoring up the walls of the trench as required by section 241 of the Labor Law and the implementing rules. (See 12 NYCRR 23.8; Rufo v. Orlando, 309 N. Y. 345, 350.) The determination of this factual issue at the trial will either establish or fail to establish active negligence on the part of the appellant but, in either event, there would be no basis for a judgment over against the third-party defendant-respondent. Order affirmed, with $10 costs. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.