■ ROBERT TULLY, Respondent, v. ROOSEVELT PROPERTIES, INC., Defendant, and JOSEPH BISCEGLIA & SONS, INC., Defendant and Third-Party Plaintiff-Appellant. SOUTH SHORE BRICK MASONS, INC., Third-Party Defendant-Respondent.— In a negligence action to recover damages for personal injuries, defendant and third-party plaintiff Joseph Bisceglia & Sons, Inc., appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Suffolk County, entered May 19, 1969 after a jury trial upon the issues of liability only, as (1) adjudged it liable to plaintiff, upon the jury's verdict, and (2) dismissed its third-party complaint against third-party defendant, South Shore Brick Masons, Inc., upon decision of the trial court. Judgment affirmed insofar as appealed from, with one bill of costs to respondents jointly. Appellant was the general contractor engaged to construct a department store in Westbury, Long Island. Plaintiff was in the employ of the third-party defendant, a subcontractor engaged by appellant to assist it in the project. Plaintiff testified that on the morning of December 4, 1962, the date of the accident in which he was injured, he was directed by appellant's superintendent in charge of the project to use a designated well wheel and rope for hoisting cinder blocks up the elevator shaft. The well wheel and rope were attached to the ceiling of the shaft. While he was working on the second story of the structure, hoisting cinder blocks up the elevator shaft with the well wheel and rope, the rope, which was in his hand, came apart at a point above his head where it had been knotted. Plaintiff and the cinder blocks were catapulted down the open elevator shaft to its bottom— a distance of about 15 feet. The case was submitted to the jury on the issue whether appellant, as the general contractor, had violated

subdivision 1 of section 240 of the Labor Law in directing plaintiff to perform the hoisting work with defective equipment. In our opinion, this question was properly submitted to the jury and the jury's verdict was supported by the evidence (cf. *Sarnoff* v. *Charles Schad, Inc.*, 22 N Y 2d 180; *Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313; *Galbraith* v. *Pike & Son*, 18 A D 2d 39). The third-party complaint was properly dismissed since appellant's duty under the above-mentioned provision of the Labor Law to furnish plaintiff with safe equipment in the performance of the directed work was nondelegable. Its violation of that statute, as found by the jury, constituted affirmative negligence. Thus, it had no claim over against the third-party defendant on the theory that the latter owned the well wheel and rope (cf. *Rufo* v. *Orlando*, 309 N. Y. 345, 350). Christ, P. J., Hopkins, Brennan and Benjamin, JJ., concur. (Beldock, P. J., deceased.)