Thomas Russell Jones, J.
The defendant John T. Brady & Co., Inc. in its third-party complaint claims to he entitled to common-law indemnification against the defendant Daniel J. Rice, Inc. In February, 1965 Brady was engaged as a general contractor, and Rice as an independent (ventilation) contractor, in the construction of a new West Side High School in Manhattan for the Board of Education, when the plaintiff Reynolds fell through a hole in the roof and was injured.
After a trial on the issue of liability only, a jury returned a verdict in favor of the plaintiff, Patrick J. Reynolds, against both defendants. Implicit in the jury’s verdict was a finding that Brady failed to safeguard the hole in the floor as required by section 241 of the Labor Law and the rules of the Board of Standards and Appeals, and was therefore actively negligent. This court must decide the issue of common-law indemnity, as a matter of law; there being no indemnification agreement governing the relationship between these defendants.
On the basis of the evidence, the theory of the case as presented, and the law, the cross complaint is dismissed.
The plaintiff, Reynolds, was employed by Park Row Roofing Company, a roofing subcontractor of the defendant, Brady, in the construction of the high school building on 84th Street in New York City. In the early morning of February 8, 1965, in the course of searching for kerosene to fuel his roofing tar pots in a room on the third floor of the building under construction, Reynolds tripped or stepped into a hole in the floor and fell through the opening to the level below.
The evidence disclosed that in the course of the construction work, Brady made an opening in the third floor of the building to permit Rice to install its metal ventilation duets and machinery. The hole was enclosed within a building, 15 feet by 25 feet and at least 7 feet high, called a “ fan room”. The defendant Rice inserted ducts through the hole made by Brady, leaving an 11 to 12-inch high metal collar protruding above the edges. For several weeks prior to the accident the plaintiff, Reynolds, and his fellow roofers used the fan room as a place to change their clothes and to eat their lunches. The room was also used by the roofing subcontractor and the defendant Rice, for the storage of equipment and supplies.
*202 The defendant, Brady, contends that section 241 of the Labor Law, as amended by chapter 450 of the Laws of 1962, no longer imposes a nondelegable duty on a general contractor to provide a safe place of work for persons employed on a construction job. To support this view, Brady cites the case of Corbett v. Brown (32 A D 2d 27). In the Corbett case the Appellate Division, Third Department, held that since section 241, as amended, now speaks in general language, rather than of specific violations, a defendant becomes entitled to the defense of and a charge on the issue of contributory negligence. Referring to the specificity of the first five subdivisions of section 241, prior to the 1962 amendment, the court said (p. 30), that each subdivision : ‘ ‘ imposed upon owners and contractors a duty for the benefit of a particular class or group, a violation of which constituted liability unrelated to the question of negligence. ”
The appellate court said (p. 31) that the amendment of 1962 broadened the statutory coverage of section 241 and does not now contain “ the ‘ unequivocal command [s] ’of * * * or ‘ a flat and unvarying duty ’ * * * [or] absolute liability [nor the] .specificity needed to impose absolute liability ”. Thus, a claimed violation of the new section, as amended, does not bar the assertion of the defense of contributory negligence of the plaintiff. The Corbett decision could not alter and did not distinguish the previous decisions of the Court of Appeals which declared that a nondelegable duty is owned by a general contractor to workers on the job to provide them with a safe place to work. (Walters v. Rao Elec. Equip. Co., 289 N. Y. 57; Semanchuck v. Fifth Ave. & 37th St. Corp., 290 N. Y. 412 and Rufo v. Orlando, 309 N. Y. 345.)
All cases decided since the 1962 amendment to .section 241 have continued to hold that a violation of sections 200 and 241 of the Labor Law constitutes active negligence. (Cf. Seigel v. Prima Concrete Constr. Corp., 27 A D 2d 946; Passarelli v. 200 E. 58th St. Agency Corp., 32 A D 2d 1066; North Riv. Ins. Co. v. Alpine Development Corp., 33 A D 2d 912; Tully v. Roosevelt Props., 34 A D 2d 786.) These cases restate the rule set forth by the New York Court of Appeals in Semanchuck v. Fifth Ave. & 37th St. Corp. (supra).
Referring to sections 200 and 241 of the Labor Law, at page 422, the court declared: ‘1 The Legislature obliterated the old common-law distinction between passive and active negligence where negligence was from failure to exercise, in construction and demolition projects, the .standard of care imposed by .statute as a positive duty.”
*203 In Rufo v. Orlando (p. 350, supra) the Court of Appeals (Burke, J.) again said: “ This court has construed the section [241] as rejecting the common-law doctrine of active and passive negligence [citing Walters v. Rao Elec. Equip. Co., supra and Semanchuck, supra]. In these cases the court has enunciated the rule that failure to comply with the statute was a breach of a nondelegable duty, which renders the defendant an active wrongdoer ’ ’ and further ‘‘ any person violating the statute is per se an active tort-feasor, and hence such a person cannot have a cause of action in negligence against a joint tort-feasor.”
New York Jurisprudence (vol. 28, Indemnity, § 16) summarizes the law of indemnity as it relates to section 241 of the Labor Law, in these words: 11 Thus, violations of certain provisions of the Labor Law, such as those requiring protection of employees in building construction, demolition, and excavating, and to provide scaffolding and other devices for the use and protection of employees * * * have been held to preclude the common-law right of indemnity. ’ ’
The Appellate Division, Second Department, restated the nondelegable aspects of section 241, on January, 1970 in North Riv. Ins. Co. v. Alpine Development Corp. (supra, p. 913) as f ollows: “ [The] failure to comply with the statutes [§ 241] would be a breach of a nondelegable duty, rendering it [Alpine] an active wrongdoer (Walters v. Rao Elec. Equip. Co. [supra]; Semanchuck v. Fifth Ave. & 37th St. Corp. [supra]; Rufo v. Orlando [supra] and Conte v. Large Scale Development Corp., 10 N Y 2d 20).” The court went on to say (p. 913): “ Since the complaint alleged that the injury was caused solely by Alpine’s violation of sections 241 * * * since no other allegation of negligence was made, and since no mention was made of any contractual right ,to indemnification, Alpine is held as having been sued as an active tort-feasor and, therefore, is precluded from impleading Z.L.S.”
In a later case, Tully v. Roosevelt Props. (34 A D 2d 786, 787), the Appellate Division, Second Department, in May, 1970, referred to section 240 of the Labor Law and declared: “ The third-party complaint was properly dismissed since appellant’s [general contractor] duty under the above-mentioned provision of the Labor Law to furnish plaintiff with safe equipment in the performance of the directed work was nondelegable. Its violation of that statute, as found by the jury, constituted affirmative negligence. Thus, it had no claim over against the third-party defendant on the theory that the latter owned the well wheel and rope (cf. Rufo v. Orlando, 309 N. Y. 345, 350).”
*204 These most recent cases decided in the Second Department, foreclose the defendant Brady’s claim to common-law indemnity against the defendant Rice. Brady having been found to be a general contractor, owed a nondelegable duty to provide the plaintiff Reynolds with a safe place to work (Labor Law, §§ 200, 240, 241). His violation of these statutes made him an active tort-feasor. Accordingly, judgment is directed to be entered in favor of the defendant and the third-party complaint is dismissed.