█ PATRICK J. REYNOLDS, Respondent, v. JOHN T. BRADY & CO., INC., et al., Appellants.— In a negligence action to recover damages for personal injury, each of the two defendants appeal from so much of a judgment of the Supreme Court, Kings County, entered February 23, 1971, as is in favor of plaintiff against it, upon jury verdicts. Judgment reversed, on the law and the facts, insofar as it is in favor of plaintiff against defendant John T. Brady & Co., Inc., with costs, and complaint as against that defendant dismissed; and judgment affirmed insofar as it is in favor of plaintiff against defendant Daniel J. Rice, Inc., with costs. Plaintiff, an employee of Park Row Roofing Company, was injured on February 8, 1965 during the course of construction of a building for the Board of Education of the City of New York when he fell into a ventilating duct which protruded through the floor of a fan room located on the roof of the building. The duct had been installed by defendant Rice, the prime contractor in charge of installation of the heating and ventilation systems. Defendant Brady was the prime contractor for the general construction of the building. Park Row was one of approximately 30 subcontractors engaged by Brady. There were altogether five prime contractors employed on the project. Liability has been fastened upon Brady on the theory that as to plaintiff it was a general contractor with the duty to provide a safe place to work (Labor Law, §§ 200, 241). In our opinion, under the circumstances herein, Brady did not owe such a duty to plaintiff. Implicit in the statutory imposition of the duty to provide a safe place to work is the prerequisite that the party charged with such responsibility have the concomitant authority and degree of control over the activity which produces the injury to enable it to take the action necessary to correct or avoid an unsafe condition. Insofar as was established by the evidence adduced at the trial, Brady, under its contract with the Board of Education, merely had the authority and responsibility to coordinate and direct the progress of the work of the other prime contractors. It was not shown that it had any power of supervision or control over the manner in which work was performed or over safety precautions taken by the other prime contractors. The proof tends to establish that the Board of Education, by virtue of its employment of a project superintendent who was on the scene at all times and who avowedly took an active interest in safety precautions taken by the prime contractors, retained such authority and was

its own general contractor. The dangerous condition herein was created by Rice, a fellow prime contractor of Brady. Since Brady lacked the authority to direct Rice to correct the condition and since no contractual responsibility was imposed upon Brady to correct dangerous conditions created by other prime contractors, Brady may not properly be charged with responsibility for the condition which resulted in plaintiff's injury (cf. *Tiller* v. *Tishman Co.*, 3 A D 2d 769; *Maceda* v. *Ellis Chingos Constr. Corp.*, 12 A D 2d 801). We find the proof supporting the verdict against defendant Rice to be sufficient. Hopkins, Acting P. J., Gulotta and Christ, JJ., concur; Brennan and Benjamin, JJ., concur in the affirmance as against defendant Daniel J. Rice, Inc., but otherwise dissent and vote to affirm also as against defendant John T. Brady & Co., Inc. [65 Misc 2d 200.]