Jasen, J. (concurring).
I concur in the result only. In my view, the Appellate Division erred in its implied holding that distinctions made between judicial officers are within the coverage of the constitutional guarantee of equal protection. It is far from resolved that the accoutrements attaching to a public office are constitutionally protected rights or privileges. The issue, as I view it, is not whether plaintiff has been denied equal protection of the laws, but whether he has received the staff assistance which attaches to his office. Nevertheless,. I would affirm the order of the Appellate Division but for a different reason.
Petitioner was appointed a Court of Claims Judge pursuant to section 7 of chapter 603 of the Laws of 1973. This statute provided for the appointment of Court of Claims Judges who would preside over dangerous drug felony prosecutions in criminal parts of State Supreme Court which, by constitutional provision, is an elective Bench. In Matter of Taylor v Sise (33 NY2d 357), a majority of our court held. that the statute, as well as the appointments and designations made pursuant to it, did not violate the terms of the State Constitution. The court viewed the matter as a series of legally distinct and authorized acts and held that "[t]he Legislature exercised its constitutional power and expanded the possible number of Judges on the Court of Claims; the Governor exercised his constitutional power and appointed * * * Judges of the Court of Claims; and the Appellate Division exercised its constitutional power and designated some of these Judges to act as Supreme Court Justices. There is no constitutional infirmity in the actions of any of the three branches of government.” (33 NY2d, at p 366.) I dissented in Taylor, expressing the view that the statute was, really, an unconstitutional attempt to appoint Judges to an elective Bench. (33 NY2d, at p 366.)
I must, of course, accept and respect the decision of the majority, notwithstanding my own view of the controversy. (See Semanchuck v Fifth Ave. & 37th St. Corp., 290 NY 412, 420.) In accordance with the holding in Taylor, I am bound to conclude that the plaintiff’s appointment to the Court of Claims is constitutionally valid and that he is, therefore, a Judge of the Court of Claims, serving "temporarily”, pursuant to Appellate Division designation, in Supreme Court. As the majority opinion in Taylor makes eminently clear, the appellant is a Court of Claims Judge, albeit temporarily assigned to *1077 another court, and is not a regular Supreme Court Justice. Therefore, appellant is entitled to the same minimal staffing of his chambers as is received by all Judges of the Court of Claims. While it may be cogently argued that particular Judges handle caseloads justifying additional staff support beyond that provided to other Judges in the same court, a Judge may not be deprived of the minimal staff levels set for all Judges on the same court. To hold otherwise would permit a Judge, for whatever reasons, to be penalized and could result in damage to his ability to efficiently and expeditiously carry forward the duties of judicial office. Thus, with elevation to the Bench, each Judge is entitled to the minimum staff level established as sufficient for the Judges in the same court. As a Court of Claims Judge, plaintiff should receive the same staff as all the other Court of Claims Judges. After the Taylor case, it is too late to argue that plaintiff is not, really, what he appears to be.
The respondent’s argument that appellant’s designation to the criminal parts of Supreme Court justifies a reduced chambers staff is unavailing. Under Taylor, what matters is the court a Judge is officially selected to serve in, not the court in which the Judge actually serves. Nevertheless, in this connection, it is interesting to note that while the statute at issue in Taylor had at root the purpose of providing Judges to preside over narcotics cases, Court of Claims Judges, such as plaintiff, have been sitting not only in criminal parts of Supreme Court, quite without regard to the nature of the crime charged, but in regular civil parts. Thus, in actuality, appointed Court of Claims Judges have been serving and are now serving as full-time Supreme Court Justices. But, in view of the Taylor decision, nothing can be made of this fact.
Nevertheless, I agree with the majority that the order of the Appellate Division should be affirmed. At the time plaintiff instituted this action, Court of Claims Judges were granted three chambers’ assistants: a law secretary, a personal secretary and a confidential attendant. Plaintiff, however, was permitted to appoint only one chambers’ assistant on the ground that this was all an acting Supreme Court Justice was entitled to. While the action has been pending, the Administrative Board of the Judicial Conference commenced the phase-out of personal confidential attendants in the Court of Claims, transferring even incumbents to positions as court attendants. Thus, the staff authorized for all Court of Claims *1078 Judges was reduced from three assistants to two. This has not damaged any constitutional interest of the plaintiff since the reduction is in minimum staff size and affects all Court of Claims Judges equally. Further, the Legislature enacted a statute entitling all Supreme Court Justices to two chambers’ assistants: a law secretary and a personal secretary. (Judiciary Law, § 222-a, as added by L 1976, ch 966, § 3.) Subsequently, the State Administrative Judge announced his intention to treat the statute as encompassing Acting Supreme Court Justices. The result is that plaintiff in either of his capacities, as á Court of Claims Judge or as an Acting Supreme Court Justice, is entitled to two chambers’ assistants. Regardless of the actual capacity, he will receive all that he is entitled to. It is for this reason that I concur in the result reached by the majority.
Judges Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Jasen concurs in a separate opinion in which Judge Cooke concurs; Chief Judge Breitel taking no part.
Order affirmed, with costs, in a memorandum.