Nicholas M. Pette, J.
Gemelli & Moccia, impleaded by the defendants Scala Bros., move to dismiss the third-party complaint upon the ground that it fails to state facts sufficient to constitute a cause of action for indemnity.
*982 Scala Bros, were the general contractors for the construction of a commercial building upon premises owned by the defendant William Schreiber. The movants were the foundation and brickwork subcontractors. Their employee, the plaintiff herein, brought this action against the owner and the general contractors to recover damages for personal injuries sustained by him on March 19, 1955, while working on the premises under construction. In his complaint he charged the owner and the general contractors with negligence in allowing and permitting the building under construction “ to be and remain in a dangerous, improper and unlawful condition and allowing an excavation of over ten feet in depth for the foundation of said building, to be and remain in a dangerous, improper and unlawful condition and permitting and allowing the earth walls of the said excavation to remain unshored up, unbraced and unsupported for a long time # * * thereby not providing proper protection for the employees of other contractors at said premises and solely by reason thereof the side of the said excavation collapsed and caved in and buried plaintiff in the dirt thereof and caused him to sustain the injuries ” complained of.
In the second cause of action set forth in the third-party complaint, the defendants Scala Bros., alleged that on or about March 8, 1955, they entered into a contract with the owner William Schreiber in which they agreed to provide all the materials and to perform all work necessary for the erection of a one-story commercial building, in accordance with plans and specifications furnished by the owner; that it was the duty of the owner and the third-party defendants, Gemelli & Moccia, to keep the premises in a safe and proper condition for persons and employees working thereat; that they violated such duty by failing to furnish to plaintiff ‘ ‘ with a safe place in which to work, in failing to make the said excavation safe for persons to work therein, in failing to shore up the side of the said alleged excavation and prevent the walls thereof from collapsing, in failing to take any precautions to prevent injury to plaintiff, in permitting the plaintiff, Joseph scala, to work on the said premises without adequate supervision and/or instruction by his said employer, Joseph gemelli and Joseph moccia, d/b/a GEMELLI & MOCCIA
It is the contention of the moving third-party defendants that the third-party plaintiffs were charged in plaintiff’s complaint and bill of particulars (the latter, however, has not been made part of the motion papers) solely with omissions which necessarily involve a violation of section 241 of the Labor Law and *983 the noncompliance with rules of the Board of Standards and Appeals which require the shoring and bracing of excavations, and that such omissions render the third-party plaintiffs tortfeasors as to whom the common-law rule of indemnity between passive and active tort-feasors is inapplicable.
This is true. Indeed, the third-party plaintiffs themselves conceded in their brief that were only a violation of section 241 of the Labor Law charged in the complaint they would have no right to indemnification. They claim, however, that their negligence was passive only and that no supervision or work was to be performed on Saturday and no work at all was to be performed by themselves in connection with excavation and shoring, since that was to be done by the third-party defendants, G-emelli & Moccia.
The plaintiff’s complaint, however, contains no such allegations. The only omissions charged therein as the competent producing cause of the accident will, if established, spell out a case of violation of section 241 of the Labor Law. Under these circumstances plaintiffs will be held active primary wrongdoers and, as such, not entitled to indemnification. (Rufo v. Orlando, 309 N. Y. 345; Walters v. Rao Elec. Equip. Co., 289 N. Y. 57.)
The motion to dismiss the third-party complaint is accordingly granted.
Submit order.