James J. Crisona, J.
Salvatore Scala and Antonio Scala, doing business as Scala Bros., defendants and third-party plaintiffs, in this action to recover damages for personal injuries, move to strike out the defenses embodied in paragraphs “ Ninth ” and “ Tenth ” of the amended answer of the third-party defendant United States Fidelity and Guaranty Company (hereinafter referred to as “Company ”) for legal insufficiency and for judgment on the pleadings in their favor for the relief demanded in the third-party complaint against such third-party defendant.
Scala Bros, were the general contractors for the construction of a commercial building. The plaintiff was the employee of the foundation and brickwork subcontractors. He brought an action for personal injuries sustained by him on March 19, 1955, while working on the premises under construction. In his complaint he charged the owner and the general contractors, the moving parties herein, with negligence in permitting the building under construction “ to be and remain in a dangerous, improper and unlawful condition and allowing an excavation of over ten feet in depth for the foundation of said building, to be and remain in a dangerous, improper and unlawful condition and permitting and allowing the earth walls of the said excavation to remain unshored up, unbraced and unsupported for a long time * * * thereby not providing proper protection for the employees of other contractors at said premises *85 and solely by reason thereof the side of the said excavation collapsed and caved in and buried Plaintiff in the dirt thereof and caused him to sustain the injuries ” complained of.
Mr. Justice Pette, then sitting in Special Term of this court, dismissed the third-party complaint asserted by the present movants against the employers of the plaintiff and, in so doing, noted that the only omissions charged in the plaintiff’s complaint as to the competent producing cause of the accident will, if established, spell out a case of violation of section 241 of the Labor Law and that, under these circumstances, the third-party plaintiffs “ will be held active primary wrongdoers and, as such, not entitled to indemnification.” (Scala v. Schreiber, 17 Misc 2d 981, 983.)
The third-party cause of action asserted against the Company is predicated upon a Contractors Schedule Liability policy issued by it to the third-party plaintiffs and which was in full force when the accident in question occurred. The third-party plaintiffs allege that they delivered plaintiff’s summons and complaint to the Company which denied any liability under the aforesaid policy for the injuries sustained by the plaintiff. Judgment is sought declaring that the Company is obligated by its contract of insurance to defend the third-party plaintiffs in this action, and to pay any judgment within the limits of said policy that may be rendered against them.
The first defense asserted by the Company is that the third-party plaintiffs ’ cause of action against it is barred by reason of lack of coverage for the particular accident in that they did not purchase division 5 of coverage, namely, “ Independent Contractors.” The second defense is to the effect that the third-party plaintiffs’ cause of action against the Company is barred by reason of their breach of condition 6 set forth in the contract of insurance, pursuant to which written notice of the accident is required to be given to the Company.
It is the contention of the third-party plaintiffs that since they were charged in the plaintiff’s complaint with active negligence and that it was so held by Mr. Justice Pette upon the motion referred to above, the accident underlying the injured plaintiff’s action against the third-party plaintiffs is covered by the policy of insurance and, therefore, the defense of noncoverage is insufficient as matter of law.
Since the duty to defend is determined by the terms of the policy and by the complaint in the negligence action against the insured, this court is of the opinion that the plaintiff’s complaint in the instant action shows a claim within the coverage of the *86 policy that the Company issued to the third-party plaintiffs. If an injured plaintiff states facts which bring the accident in which such injuries were sustained within the coverage of the policy, the Company is obligated to defend the insured irrespective of the insured’s ultimate liability. (Grand Union Co. v. General Acc. Fire & Life Assur. Corp., 254 App. Div. 274, 280, affd. 279 N. Y. 638.) As was stated in Goldberg v. Lumber Mut. Cas. Ins. Co. (297 N. Y. 148, 154): “ the insurance company’s duty to defend came into being when it appeared from the allegations in the negligence action that the injury was within the coverage of the policy, and it persisted despite the advice — pointing a contrary conclusion — furnished by the insured to assist the company in defending the suit. To hold otherwise would penalize him for full and frank disclosure. Assuming that the information passed on by the insured might have some bearing on the company’s duty to pay * * * it cannot affect its already established duty to defend. The courts have frequently remarked that the duty to defend is broader than the duty to pay.”
The motion to dismiss the first defense (of noncoverage) is accordingly granted without leave to replead.
Also granted is the motion to dismiss the second defense, but with leave to plead over. The conclusory allegations therein contained are insufficient to apprise the third-party plaintiffs of the ultimate facts relied upon by the Company in support of its claim of insufficient notice of the accident within the meaning of “ Condition 6.” The language of this “ Condition ” alone is set forth in said defense, without any facts in support from which it may even be inferred that notice of the accident was pot given “by or on behalf of the Insured to the Company or any of its authorized agents as .soon as practicable. iSuch Notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of the available witnesses.”
In view of the foregoing disposition the remaining branch of the motion is denied without prejudice to renewal in light of the issues as they may be framed by the amended answer to the third-party complaint, to be served within 10 days following the service of a copy of the order hereon, with notice of entry thereof. Settle order.