■ JOSEPH SCALA, Plaintiff, v. SALVATORE SCALA et al., Doing Business as SCALA BROS., Respondents, et al., Defendants. SALVATORE SCALA et al., Doing Business as SCALA BROS., Third-Party Plaintiffs-Respondents, v. WILLIAM SCHREIBER, Third-Party Defendant-Respondent, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendants.— In a *negligence action to recover damages for personal injuries sustained on a building construction job by the plaintiff, an employee of subcontractors, Joseph Gemelli and Joseph Moccia, against the general contractors, defendants Salvatore Scala and Antonio Scala, in which the latter

served a third-party complaint against their insurer, United States Fidelity and Guaranty Company; the owner, William Schreiber; and said subcontractors, the insurer as a third-party defendant appeals from an order of the Supreme Court, Queens County, dated June 23, 1960, which granted the motion of the general contractors, as third-party plaintiffs, for summary judgment pursuant to rule 113 of the Rules of Civil Practice, to strike out the insurer's second amended answer to the third-party complaint; directed that judgment be entered in favor of the third-party plaintiffs upon their third-party complaint against the insurer; decreed that the claim asserted by the plaintiff in his action against the third-party plaintiffs (the general contractors) is covered by the insurance policy issued by the insurer to said third-party plaintiffs; and further decreed that the insurer is obligated to defend such action and that, within the limits of its policy, it is obligated to pay any judgment which may be rendered in such action in favor of plaintiff against the third-party plaintiffs. In its second amended answer to the third-party complaint, the insurer asserted as a separate affirmative defense that the insured, the general contractors, breached the terms of the policy by their failure to give notice of the accident to the insurer as soon as practicable after its occurrence — the notice here having been given about one year after the accident. By a prior order the third-party complaint was dismissed as against the subcontractors (*Scala* v. *Schreiber,* 17 Misc 2d 981); and it appears from the briefs that by another prior order the third-party action as against the insurer was severed from the main action. Order appealed from reversed, with $10 costs and disbursements, and motion denied. In the general contractors' moving affidavits it is stated that, prior to the plaintiff's service of a summons upon them about one year after the accident, they had no knowledge of the accident; and that, in any event, they were of the belief that this particular accident was not covered by the provisions of the policy. The showing made in opposition to the motion is sufficient to challenge the verity and conclusiveness of such affidavit-statements made by the moving parties, and to require a trial of the issues thus raised (see, also, *Scala* v. *Bass,* 23 Misc 2d 83). Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.